■ GENEVIEVE A. GLUEGE, Respondent, v CONRAD J. RYBICKI, Appellant. [629 NYS2d 461] —In a matrimonial action in which the parties were divorced by a judgment dated January 9, 1984, the defendant former husband appeals from (1) an order of the Supreme Court, Suffolk County (Kitson, J.), dated February 9, 1993, which, *inter alia,* denied his motion for custody of the parties' daughter, granted the former wife's cross motion for custody of the parties' daughter, directed the former husband to pay child support for the daughter, and denied the former husband's applications for child support, counsel fees, and to impose sanctions against the former wife, and (2) an order of the same court dated April 7, 1993, which amended the order dated February 9, 1993.

Ordered that the orders are affirmed, with one bill of costs to the respondent.

We agree with the Supreme Court's determination that it was in the childrens' best interest to continue the custody arrangement informally agreed to by the parties *(see, Eschbach v Eschbach,* 56 NY2d 167; *Friederwitzer v Friederwitzer,* 55 NY2d 89; *Fox v Fox,* 177 AD2d 209). This court's previous decision and order *(see, Rybicki v Rybicki,* 176 AD2d 867), wherein we affirmed the Supreme Court's prior denial of the former wife's application to relocate to Connecticut with the children, does not require a different result. In the ensuing years, the parties' and the childrens' situations have significantly changed, such that it is now in the best interests of the children for the former wife to have custody of the parties' daughter in Connecticut, and for the former husband to have custody of the parties' sons.

The court properly denied the former husband's application for child support from the former wife, as he failed to demonstrate an unanticipated and unreasonable change in circumstances which resulted in a concomitant need for a change in the child support agreement, or that the parties' child support agreement was unfair when entered into *(see, Matter of Boden v Boden,* 42 NY2d 210). The former husband's contention that the court misinterpreted the child support provision in the parties' stipulation is meritless. The Supreme Court acted within its discretion when it denied the former husband's application for attorney's fees.

The former husband's remaining contentions are without merit. Sullivan, J. P., O'Brien, Thompson and Hart, JJ., concur.