■ SUZANNE BRUNEY, Appellant, v RICARDO HOLLINGSWORTH, Respondent. [920 NYS2d 416]—

In a matrimonial action in which the parties were divorced by judgment dated March 12, 2003, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Prus, J.), dated December 16, 2009, as denied, without a hearing, those branches of her motion which were for an upward modification of child support and for an award of spousal maintenance.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff (hereinafter the former wife), an unemployed teacher, and the defendant (hereinafter the former husband), an attorney, were married in 1987, and are the parents of one child, born in 1992. The parties began living separately in 1991, before the child was born, and were divorced in March 2003. Pursuant to a December 2002 stipulation of settlement, which was incorporated but not merged into the judgment of divorce, the former husband agreed to pay child support to the former wife in the sum of $2,000 per month.

In October 2009, the former wife moved, inter alia, for an upward modification of child support and for an award of spousal maintenance based on an alleged change of circumstances. The Supreme Court, among other things, denied those branches of the former wife's motion without a hearing. We affirm the order insofar as appealed from.

The Supreme Court properly denied, without a hearing, that branch of the former wife's motion which was for an upward modification of the former husband's child support obligation because she did not establish, prima facie, that there had been a substantial, unanticipated, and unreasonable change in circumstances with a concomitant showing of need (*see Matter of Boden v Boden*, 42 NY2d 210, 213 [1977]; *Matter of Ripa v Ripa*, 61 AD3d 766, 766 [2009]). To the contrary, the former wife failed to show that the subject child's needs were not being met. In addition, the Supreme Court properly denied, without a hearing, that branch of the former wife's motion which was for spousal maintenance because she did not establish, prima facie, extreme hardship (*see* Domestic Relations Law § 236 [B] [9] [b]; *Rockwell v Rockwell*, 74 AD3d 1045, 1045 [2010]). Covello, J.P., Angiolillo, Dickerson and Roman, JJ., concur.