“When a party seeks to modify the child support provision of a prior order or judgment, including an order or judgment incorporating without merging an agreement or stipulation of the parties, he or she must demonstrate a substantial change in circumstances” (Matter of Malbin v Martz, 88 AD3d 715, 716 *683 [2011]; see Domestic Relations Law § 236 [B] [9] [b] [2] [i]; Matter of Brescia v Fitts, 56 NY2d 132, 140-141 [1982]). Contrary to the Family Court’s determination, here, the mother established that an increase in the father’s child support obligation was warranted by a change in circumstances (see Matter of Gravlin v Ruppert, 98 NY2d 1, 3-6 [2002]). Specifically, the substantial reduction in the father’s visitation with the child, which significantly reduced the amount of money the father was required to spend on the child, “constituted an unanticipated change in circumstances that created the need for modification of the child support obligations” (id. at 6). A “needs of the child” analysis was not necessary in this case the (id. at 5). Furthermore, contrary to the Family Court’s conclusion, the child’s derivative Social Security benefits may not serve as a credit against the father’s child support obligation (see Matter of Bouie v Joseph, 91 AD3d 641, 642 [2012]; Matter of Jones v Smith, 59 AD3d 546, 547 [2009]).
Accordingly, we reverse the order entered September 1, 2010, sustain the mother’s objections to the order entered July 23, 2009, vacate that order, and remit the matter to the Family Court, Orange County, for a new determination of appropriate child support. Angiolillo, J.P., Dickerson, Leventhal and Chambers, JJ., concur.