In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Westchester County (Neary, J.), entered July 7, 2011, which, inter alia, denied that branch of his motion which was, in effect, to modify the child support provisions in the parties’ stipulation of settlement dated November 28, 2005, so as to require the defendant to pay him child support for the parties’ younger son in accordance with the Child Support Standards Act, and granted that branch of the defendant’s cross motion which was to direct the entry of a money judgment against him in the sum of $6,660.45, representing certain child support arrears.
Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant’s cross *733 motion which was to direct the entry of a money judgment in the sum of $6,660.45, and substituting therefor a provision granting that branch of the defendant’s cross motion to the extent of directing the entry of a money judgment in favor of the defendant in the sum of $4,981, and otherwise denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In a stipulation of settlement dated November 28, 2005, the parties, who had two sons together, agreed, inter alia, that the defendant would have primary residential custody of the children. The parties also agreed that the plaintiff would pay the defendant the sum of $2,000 per month in child support until the emancipation of a child, whereupon the plaintiffs monthly child support obligation would be reduced by 32%. Finally, the parties agreed that they would each pay one half of certain expenses for the children.
Approximately 41/2 years after the parties’ marriage was dissolved, the parties’ younger son moved out of the defendant’s residence and moved into the plaintiffs residence. Subsequently, the plaintiff moved, inter alia, in effect, to modify the child support provisions of the stipulation to require the defendant to pay him child support for that son in accordance with the Child Support Standards Act. The defendant, who alleged that the plaintiff failed to pay his share of certain expenses of the children, cross-moved, among other things, to direct the entry of a money judgment in her favor in the sum of $6,660.45, representing child support arrears.
As the Supreme Court correctly determined, the plaintiff failed to demonstrate that the stipulation should be modified to adjust the parties’ respective child support obligations so as to require the defendant to pay the plaintiff child support for the younger son. The plaintiff did not claim that the younger son’s change of residence was “an unanticipated and unreasonable change in circumstances,” and failed to show that the younger son’s needs were not being met (Matter of Brescia v Fitts, 56 NY2d 132, 138 [1982]; see Matter of Boden v Boden, 42 NY2d 210, 212-213 [1977]; Bruney v Hollingsworth, 83 AD3d 755, 756 [2011]). Accordingly, the Supreme Court properly denied that branch of the plaintiff’s motion which was, in effect, to modify the child support provisions of the stipulation.
However, we agree with the plaintiff that the Supreme Court erred in granting that branch of the defendant’s cross motion which was to direct the entry of a money judgment in her favor in the sum of $6,660.45. Although the defendant essentially alleged that the plaintiff owed her $212.50 for his share of the *734 cost of an SAT tutor, the defendant failed to sufficiently document that expense (cf. Gnoza v Gnoza, 293 AD2d 571, 572 [2002]). In addition, although the defendant alleged that the plaintiff owed her $1,466.95 for his share of the cost of “[s]ports fees, equipment and related expenses,” the defendant failed to, inter alia, establish that the plaintiff was obligated to pay for those expenses. Accordingly, the Supreme Court improperly directed the award to the defendant of those two sums.
The plaintiffs remaining contentions are either without merit or not properly before this Court. Skelos, J.P., Dillon, Leventhal and Sgroi, JJ., concur.