In a matrimonial action in which the parties were divorced by judgment dated January 5, 2011, the plaintiff appeals from an order of the Supreme Court, Queens County (Harrington, J.), entered July 24, 2012, which denied his motion for an award of basic child support for the parties’ son.
Ordered that the order is affirmed, with costs.
Pursuant to the parties’ stipulation of settlement entered into in 2009, the plaintiff agreed to pay the defendant basic child support in the sum of $1,150 per month for the parties’ two children, until the occurrence of an “emancipation event,” defined, inter alia, as a “change in custody.” The stipulation further provided that, in the event of an “emancipation event” with respect to one of the children, the plaintiffs basic child support obligation would be reduced to $846 per month, and his maximum obligation to pay certain shared “add-on” expenses for unreimbursed health care expenses, child care expenses, and educational or education-related expenses, would be reduced from $300 per month to $150 per month.
In March 2011, the parties agreed to transfer custody of their son from the defendant to the plaintiff. That transfer of custody was an “emancipation event” pursuant to the 2009 stipulation. In 2012, the plaintiff moved for an award of child support for the parties’ son from the defendant, to be “credited against my child support payments re our minor daughter,” on the ground that he was on the verge of personal bankruptcy. The defendant, in opposition, asserted that the parties’ child support obligations were set by stipulation, and the plaintiff failed to establish an unanticipated and unreasonable change in circumstances or that the needs of the child in the plaintiffs custody were not being met. The plaintiff in reply noted that his rent was $1,500 per month, and that he had incurred certain unreimbursed medical and educational expenses on behalf of the child in his custody. The Supreme Court denied the motion on the ground that the parties’ obligations were set by agreement, and the *613 plaintiff had failed to establish an unanticipated and unreasonable change in circumstances, or that the child’s needs were not being met.
The parties’ agreement was binding, unless the plaintiff was able to demonstrate an unanticipated and unreasonable change of circumstances, or that the needs of the child in his custody were not being met (see Matter of Brescia v Fitts, 56 NY2d 132, 138 [1982]; Matter of Boden v Boden, 42 NY2d 210, 212 [1977]; Schneider v Schneider, 98 AD3d 732 [2012]). Since the stipulation set forth the plaintiffs child support obligation in the event of a change of custody of one of the children, a change in custody of one of the children could not be considered unanticipated (see Gluege v Rybicki, 217 AD2d 603 [1995]; see also DePinto v Ashley Scott, Inc., 222 AD2d 288, 289 [1995]).
With respect to the child’s needs, the plaintiff failed to submit a net worth statement. Further, the plaintiffs statements with respect to the needs of the child were raised in his reply papers and, therefore, were not properly before the court (see Penavic v Penavic, 88 AD3d 671, 672 [2011]).
Accordingly, the Supreme Court properly denied the plaintiffs motion for an award of basic child support for the parties’ son.
The plaintiffs remaining contentions are either not properly before this Court or without merit. Angiolillo, J.P., Hall, Roman and Hinds-Radix, JJ., concur.