■ DENISE DELGAUDIO, Respondent, v RONALD DELGAUDIO, Appellant. [5 NYS3d 515]—

In an action for a divorce and an ancillary relief, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Goodstein, J.), dated February 15, 2013, as denied his motion to modify the parties' stipulation of settlement dated April 29, 2009, so as to award him primary residential custody of the parties' son and modify his child support obligation for the son, or alternatively, in effect, to terminate his child support obligation for the parties' son upon a determination that the parties' son is emancipated.

Ordered that the appeal from so much of the order as denied that branch of the defendant's motion which was to modify the stipulation of settlement to grant him primary residential custody of the parties' son is dismissed as academic; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The parties entered into a stipulation of settlement on April 29, 2009. In the stipulation, the parties agreed that the plaintiff would have primary residential custody of the parties' children, and would be considered the custodial parent for child support purposes, but that the defendant would have "liberal and flexible parenting time." The stipulation set forth a "minimum"

schedule of parenting time for the defendant. The defendant thereafter moved to modify the stipulation of settlement to award him primary residential custody of the parties' son and to modify his child support obligation for that child, or, alternatively, to determine that the parties' son was emancipated. The Supreme Court denied the motion.

The appeal from so much of the order as denied that branch of the defendant's motion which was to modify the stipulation of settlement to grant him primary residential custody of the parties' son must be dismissed as academic, since the subject child is now more than 18 years old (*see Matter of Julian B. v Williams*, 97 AD3d 670, 670-671 [2012]; *Matter of Bartley v Pringle*, 90 AD3d 653 [2011]).

The Supreme Court properly denied that branch of the defendant's motion which sought to modify his child support obligation. The parties' stipulation of settlement was executed prior to the effective date of the 2010 amendments to Family Court Act § 451 (*see* L 2010, ch 182, § 13). Therefore, the defendant had the burden of showing a substantial and unanticipated change in circumstances since the time he agreed to pay the child support provided for in the stipulation (*see Matter of Gadalinska v Ahmed*, 120 AD3d 1232, 1232 [2014]; *Matter of Dimaio v Dimaio*, 111 AD3d 933, 933-934 [2013]).

The Supreme Court properly determined that the defendant failed to meet this burden. The defendant relies entirely upon the fact that he has a considerably greater amount of parenting time with the subject child than the "minimum" parenting schedule set forth in the stipulation. However, since the stipulation contemplated "liberal and flexible" parenting time to the defendant, and indicated that the schedule set forth therein was a minimum schedule, the increase in the defendant's parenting time does not constitute a substantial and unanticipated change in circumstances (*see Matter of Suchan v Eagar*, 121 AD3d 910 [2014]; *Schneider v Schneider*, 98 AD3d 732, 733 [2012]; *see also Samuelson v Samuelson*, 108 AD3d 612, 613 [2013]; *cf. Deith v Deith*, 27 AD3d 613 [2006]).

Lastly, the Supreme Court properly rejected the defendant's contention that the parties' son was emancipated pursuant to the parties' stipulation. Interpreting the parties' stipulation in accordance with its plain and ordinary meaning (*see Matter of Korosh v Korosh*, 99 AD3d 909, 910 [2012]), none of the emancipation events set forth therein had occurred. Skelos, J.P., Leventhal, Hinds-Radix and Maltese, JJ., concur.