■ JENNIFER J. GRIBBIN, Respondent, v JAMES F. GRIBBIN, Appellant. [3 NYS3d 628]—

In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Nassau County (Goodstein, J.), dated November 20, 2012, which denied his motion to modify the child support provision of the parties' stipulation of settlement.

Ordered that the order is affirmed, without costs or disbursements.

The Supreme Court properly denied the defendant's motion to modify the child support provision of the parties' stipulation of settlement. The parties' stipulation of settlement, wherein the parties agreed that the defendant would not receive any award of child support, was executed prior to the effective date of the 2010 amendments to Family Court Act § 451 (*see* L 2010, ch 182, § 13). Therefore, the defendant had the burden of showing a substantial and unanticipated change in circumstances since the time he agreed that he would not receive any child support as provided for in the stipulation (*see Matter of Gadalinska v Ahmed*, 120 AD3d 1232, 1232 [2014]; *Matter of Dimaio v Dimaio*, 111 AD3d 933, 933-934 [2013]).

The Supreme Court properly determined that the defendant failed to meet this burden. The defendant, who earns approximately $250,000 per year, failed to show a substantial and unanticipated change in circumstances since the time he agreed that he would not receive any child support (*see Samuelson v Samuelson*, 108 AD3d 612, 613 [2013]). Furthermore, the defendant does not argue on appeal that the needs of the children are not being met (*see Nelson v Nelson*, 75 AD3d 593, 594 [2010]).

The defendant's remaining contention is without merit.

Accordingly, the Supreme Court properly denied the defendant's motion to modify the child support provision of the parties' stipulation of settlement. Eng, P.J., Leventhal, Hall and Maltese, JJ., concur.