■ ANNABELLE ZARATZIAN, Respondent, v ADEL RAMSEY ABADIR, Appellant. [12 NYS3d 104]—

Appeal from an order of the Supreme Court, Westchester County (Colangelo, J.), dated January 15, 2013. The order, insofar as appealed from, denied those branches of the defendant's cross motion which were to modify the child support provisions of the parties' separation agreement so as to require the plaintiff to pay him child support pursuant to the Child Support Standards Act, and for leave to enter a money judgment against the plaintiff for reimbursement of expenses relating to private school tuition, summer camp, and after school programs for the parties' children.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties' separation agreement, which was incorporated but not merged into the parties' judgment of divorce, set forth the parties' child support obligations, and was executed prior to the effective date of the 2010 amendments to Domestic Relations Law § 236 (B) (9) (b) (2) (*see* L 2010, ch 182, § 13). Therefore, in order to establish his entitlement to an upward modification of the plaintiff mother's child support obligation, the defendant father had the burden of establishing an unanticipated and unreasonable change in circumstances resulting in a concomitant need, or that the agreement was not fair and equitable when entered into (*see Matter of Gravlin v Ruppert*, 98 NY2d 1, 5 [2002]; *Merl v Merl*, 67 NY2d 359, 362 [1986]; *Matter of Brescia v Fitts*, 56 NY2d 132, 138 [1982]; *Matter of Boden v Boden*, 42 NY2d 210, 213 [1977]).

Contrary to the defendant's contention, the Supreme Court properly concluded that a change in custody, which gave the defendant sole custody of two of the parties' three children, was not an unanticipated change of circumstances. The separation agreement expressly considered this possibility, and contains a provision that allows the defendant to seek a downward modification of his own child support obligation to the plaintiff, but does not allow him to seek child support from

the plaintiff. Moreover, it is undisputed that the defendant, whose annual salary is approximately four times that of the plaintiff, is able to adequately provide for the subject children's needs, so their bests interests do not require a modification of the support provisions of the separation agreement (cf. Matter of Gravlin v Ruppert, 98 NY2d at 5; Matter of Brescia v Fitts, 56 NY2d at 139-140; Matter of Boden v Boden, 42 NY2d at 212). Furthermore, there is no question that the agreement was fair and equitable when entered into. Although the plaintiff received child support from the defendant for all three children even though the parties shared joint custody, she also relinquished her rights to equitable distribution of the marital assets, and the defendant's child support obligation was considerably less than it would have been if calculated under the Child Support Standards Act (see Domestic Relations Law § 240).

The Supreme Court also properly concluded that the defendant failed to establish that, pursuant to the separation agreement, he was entitled to reimbursement from the plaintiff for certain expenses relating to the subject children's private school tuition, summer camp, and after school programs. Although the plaintiff is obligated to pay one-third of such expenses under the terms of the separation agreement, the agreement also states that neither party will incur any such expenses without the other party's consent. The defendant did not seek or obtain the plaintiff's consent before incurring those expenses, and thus is not entitled to reimbursement under the plain terms of the agreement.

The defendant's remaining contentions either need not be considered in light of our determination or are improperly raised for the first time on appeal. Rivera, J.P., Roman, Sgroi and Duffy, JJ., concur.