■ DIANE CASLER, Appellant, v CARL CASLER, Respondent. [15 NYS3d 461]—

Appeal from an order of the Supreme Court, Westchester County (Colleen D. Duffy, J.), dated August 9, 2013. The order, insofar as appealed from, denied the plaintiff's motion to hold the defendant in contempt for his failure to provide her with proof of his procurement of life insurance naming the parties' child as an irrevocable beneficiary, for an upward modification of the defendant's child support obligation, and for an award of an attorney's fee.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant's child support obligation was set forth in a stipulation dated January 19, 1998, which was incorporated but not merged into the parties' judgment of divorce. Since the stipulation was executed prior to the effective date of the 2010

amendments to Domestic Relations Law § 236 (B) (9) (b) (2) (*see* L 2010, ch 182, § 13), in order to establish her entitlement to an upward modification of the defendant's child support obligation, the plaintiff had the burden of establishing a substantial and unanticipated change in circumstances resulting in a concomitant need, or that the agreement was not fair and equitable when entered into (*see Gribbin v Gribbin*, 126 AD3d 938, 939 [2015]; *DelGaudio v DelGaudio*, 126 AD3d 848, 849 [2015]; *Matter of Gadalinska v Ahmed*, 120 AD3d 1232, 1233 [2014]; *Matter of Dimaio v Dimaio*, 111 AD3d 933, 933 [2013]; *see also Kaplan v Kaplan*, 130 AD3d 576 [2015]; *Zaratzian v Abadir*, 128 AD3d 953 [2015]; *Matter of Corbisiero v Corbisiero*, 112 AD3d 625, 626 [2013]). As relevant here, the plaintiff did not establish that the reduction in the defendant's visitation with the child constituted a substantial and unanticipated change in circumstances that created the need for modification of his child support obligation (*cf. Matter of Gravlin v Ruppert*, 98 NY2d 1, 3-6 [2002]; *Matter of McCormick v McCormick*, 97 AD3d 682 [2012]). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for an upward modification of the defendant's child support obligation.

The Supreme Court also properly denied that branch of the plaintiff's motion which was to hold the defendant in contempt for failing to comply with the terms of the parties' stipulation, which required the defendant to show that he was maintaining a $200,000 life insurance policy naming the parties' child as an irrevocable beneficiary. To prevail on a motion to hold a party in civil contempt, the movant is required to prove by clear and convincing evidence (1) that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) that the order was disobeyed and the party disobeying the order had knowledge of its terms, and (3) that the movant was prejudiced by the offending conduct (*see Matter of Halioris v Halioris*, 126 AD3d 973 [2015]; *El-Dehdan v El-Dehdan*, 114 AD3d 4, 16 [2013]; *Bernard-Cadet v Gobin*, 94 AD3d 1030, 1031 [2012]). Here, the plaintiff did not meet her burden of establishing all of the aforementioned elements of civil contempt by clear and convincing evidence. Specifically, she failed to show any prejudice she suffered as a result of the defendant's failure to provide the documentation she requested. Accordingly, the Supreme Court properly declined to hold the defendant in civil contempt for disobeying this provision of the stipulation.

The Supreme Court providently exercised its discretion in denying the plaintiff's request for an award of an attorney's fee

(*see Freight Brokers Global Servs., Inc. v Molfetta*, 90 AD3d 828, 828-829 [2011]).

The plaintiff's remaining contentions are without merit. Mastro, J.P., Leventhal, Roman and Miller, JJ., concur.