In the Matter of LARRY STOLL, Appellant, v SHARON STOLL, Respondent. [18 NYS3d 447]—

Appeal from an order of the Family Court, Richmond County (Karen Wolff, J.), dated April 7, 2014. The order denied the father's objections to two orders of that court (Patricia A. Hickey, S.M.), both dated November 27, 2013, which respectively (a), after a hearing, determined that he was in willful violation of his support obligations contained in the judgment of divorce dated December 7, 1999, and (b), after a hearing, denied his petition and dismissed the proceeding for a downward modification of his child support obligations as set forth in the judgment of divorce dated December 7, 1999.

Ordered that the order dated April 7, 2014, is affirmed, without costs or disbursements.

The parties, who were married on June 5, 1988, and divorced on December 7, 1999, have one son together. Pursuant to the terms of a stipulation of settlement entered into on July 26, 1999, which was incorporated but not merged into the judgment of divorce, the father was required to pay the sum of $70 per week toward basic child support for the son, to pay half of the unreimbursed expenses for the son's medical, hospital, optical, and dental care treatment, and to maintain a life insurance policy naming the son as the beneficiary. The mother agreed to pay the bi-annual premiums for the life insurance policy, and the father agreed to reimburse the mother for the cost of those premiums.

The mother commenced a proceeding alleging that the father had willfully failed to comply with his child support obligations. The mother also sought an upward modification of the father's child support obligations. The father filed a petition seeking a downward modification of his child support obligations, claiming that he was disabled and unable to work. After a hearing, the Support Magistrate found that the father willfully failed to pay his child support obligations, and entered a money judgment in favor of the mother and against the father. The Support Magistrate also denied the father's petition for a downward modification of his child support obligations. The father filed objections to the Support Magistrate's determinations that he willfully violated his child support obligations and that he was not entitled to a downward modification of his child support obligations. The Family Court denied the father's objections. The father appeals.

The Family Court properly confirmed the Support Magistrate's finding that the father willfully failed to pay his child support obligations. Evidence of the father's failure to pay support constituted prima facie evidence of a willful violation of

the support obligations (*see* Family Ct Act § 454 [3] [a]), which shifted the burden to him to come forward with competent, credible evidence that his failure to pay support was not willful (*see Matter of Powers v Powers,* 86 NY2d 63, 69 [1995]; *Matter of Schell v McSpedon,* 119 AD3d 591, 592 [2014]; *Matter of Logue v Abell,* 97 AD3d 582, 583 [2012]). The Support Magistrate found the father's testimony regarding his income and expenses lacked credibility. Accordingly, the father did not sustain his burden (*see Matter of Hicks v Hicks,* 126 AD3d 975, 976 [2015]; *Matter of Rabasco v Lamar,* 106 AD3d 1095, 1096-1097 [2013]).

The father's contention that the Support Magistrate improperly made a finding of willfulness before he submitted evidence as to his inability to pay is unpreserved for appellate review, as he never filed an objection to the Support Magistrate's finding of willfulness on this ground (*see Matter of Musarra v Musarra,* 28 AD3d 668, 668-669 [2006]; *Matter of Ouimet v Ouimet,* 193 AD2d 1099, 1099 [1993]).

The Family Court also correctly denied the father's objection to the Support Magistrate's determination that he failed to establish a change in circumstances that would warrant a downward modification of his child support obligations. The parties' stipulation of settlement was executed prior to the effective date of the 2010 amendments to Family Court Act § 451 (*see* L 2010, ch 182, § 13). Therefore, in order to establish his entitlement to a downward modification of his child support obligations, the father had the burden of showing a substantial, unanticipated, and unreasonable change in circumstances since the time the support amount was agreed to (*see Kaplan v Kaplan,* 130 AD3d 576 [2015]; *Matter of Gadalinska v Ahmed,* 120 AD3d 1232, 1233 [2014]). "A party who fails to credibly and clearly disclose his or. her financial circumstances will be unable to establish that there has been a substantial change in circumstances warranting a downward modification of child support" (*Matter of Rabasco v Lamar,* 106 AD3d at 1096-1097). "The credibility determinations of the hearing court are entitled to great weight on appeal and will not be disturbed if supported by the record" (*Matter of Gavin v Worner,* 112 AD3d 928, 929 [2013]; *see Matter of Musarra v Musarra,* 28 AD3d at 669). In light of the Support Magistrate's finding, which is supported by the record, that the father's evidence concerning his income lacked clarity and credibility, the father failed to satisfy his burden of proving a substantial and unanticipated change in circumstances so as to warrant a downward modification (*see Matter of Pepe v Pepe,* 128 AD3d 831, 834 [2015]; *Matter of*

*Rabasco v Lamar*, 106 AD3d at 1096-1097; *Matter of Piernick v Nazinitsky*, 48 AD3d 690, 690 [2008]; *Matter of Moran v Moran*, 56 AD3d 675, 676 [2008]). Dillon, J.P., Miller, Duffy and LaSalle, JJ., concur.