■ In the Matter of GALIT ABIZADEH, Respondent, v RAMIN ABIZADEH, Appellant. [28 NYS3d 75]—

Appeal from an order of the Family Court, Nassau County (Patricia Harrington, J.), dated October 8, 2014. The order denied the father's objections to three orders of that court (Adam Small, S.M.), all dated August 21, 2014, which, respectively, after a hearing, found that he was in willful violation of his support obligations contained in a judgment of divorce dated May 6, 2014, denied his petition for a downward modification of his child support obligation, and granted the mother's application for the entry of a money judgment against him in the total sum of $9,637, for child support arrears.

Ordered that the order dated October 8, 2014 is affirmed, without costs or disbursements.

The parties, who were married in 1995 and divorced on May 6, 2014, have three children together. Pursuant to the terms of their judgment of divorce, the father was required to pay the sum of $4,009 per month toward basic child support.

On June 27, 2014, the mother commenced a proceeding alleging that the father had willfully failed to comply with his child support obligation. On July 31, 2014, the father filed a petition seeking a downward modification of his child support obligation. After a hearing, the Support Magistrate found that the father willfully violated his support obligation, denied his

petition for a downward modification of that obligation, and granted the mother's application for the entry of a money judgment in favor of the mother and against the father in the total sum of $9,637, for child support arrears. The Family Court denied the father's objections to the Support Magistrate's orders. The father appeals.

The Family Court properly denied the father's objection to the Support Magistrate's finding that he willfully violated his child support obligation. The father's undisputed failure to pay the ordered child support constituted prima facie evidence of a willful violation (*see* Family Ct Act § 454 [3] [a]), which shifted the burden to him to come forward with competent, credible evidence that his failure to pay support in accordance with the terms of the judgment of divorce was not willful (*see Matter of Stoll v Stoll*, 132 AD3d 1004 [2015]). The father failed to satisfy that burden and was, therefore, properly found to be in willful violation of the child support provisions of the judgment of divorce (*see id.* at 1004; *Matter of Rabasco v Lamar*, 106 AD3d 1095, 1096 [2013]; *Matter of Catton v Catton*, 41 AD3d 845 [2007]).

The Family Court also properly denied the father's objection to the Support Magistrate's determination that he failed to establish a change in circumstances that would warrant a downward modification of his child support obligation. In light of the Support Magistrate's finding, which is supported by the record, that the father's evidence concerning his income lacked credibility, he failed to satisfy his burden of proving a substantial change in circumstances so as to warrant a downward modification (*see Matter of Rabasco v Lamar*, 106 AD3d at 1097; *Matter of Mandelowitz v Bodden*, 68 AD3d 871, 874 [2009]). Rivera, J.P., Hall, Cohen and Hinds-Radix, JJ., concur.