In the Matter of CHAIM KOPICEL, Appellant, v JOSEPH SCHNAIER, Respondent, and MARK ARZOOMANIAN et al., Respondents. [42 NYS3d 789]—

Order, Supreme Court, New York County (Anil C. Singh, J.), entered November 4, 2015, which, inter alia, denied in part the petition pursuant to Debtor and Creditor Law § 274, unanimously modified, on the law, to award petitioner prejudgment interest under CPLR 5001, and otherwise affirmed, without costs. Order, same court and Justice, entered April 19, 2016, which granted respondents' motion to renew and, upon renewal, vacated the November 4, 2015 order, unanimously reversed, on the law and in the exercise of discretion, without costs, and the prior order reinstated as modified.

Renewal should have been denied where, as here, respondents offered no reasonable justification for failing to proffer the "newly discovered" evidence on the original order to show cause, when that evidence had been in their possession for years (*see Queens Unit Venture, LLC v Tyson Ct. Owners Corp.*, 111 AD3d 552, 552-553 [1st Dept 2013]). It was further an abuse of discretion to allow renewal where respondents used it as an opportunity to change legal theories, after they had the court's initial decision (*Foley v Roche*, 68 AD3d 558, 568 [1st

Dept 1979]). Even had the court properly considered the unsworn, unsigned net worth statement of the debtor, prepared a year before the transaction at issue, it would have been insufficient to rebut the presumption of insolvency (*cf. Matter of Shelly v Doe*, 249 AD2d 756, 757 [3d Dept 1998]).

With regard to the first order appealed from, the IAS court was correct that the petition did not state a claim under Debtor and Creditor Law § 274. There was no showing that the challenged transaction rendered any business of the debtor undercapitalized, or any allegation of a subsequent transaction for which debtor had too little capital (Debtor and Creditor Law § 274; *see In re Chin*, 492 BR 117, 128-129 [Bankr ED NY 2013]).

However, the court should have awarded prejudgment interest on petitioner's claim for fraudulent conveyance under Debtor and Creditor Law § 273 (*see CDR Créances S.A.S. v Cohen*, 104 AD3d 17, 30 [1st Dept 2012], *affd as mod* 23 NY3d 307 [2014]). Concur—Friedman, J.P., Moskowitz, Webber, Kahn and Gesmer, JJ.