■ RICHARD BURBRIDGE et al., Appellants, v SOHO PLAZA CORP. et al., Respondents. [55 NYS3d 172]—

Order, Supreme Court, New York County (Anil C. Singh, J.), entered May 17, 2016, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion to renew the denial of their motion to hold defendants in contempt, vacate the note of issue, and grant summary judgment, unanimously affirmed, without costs.

Plaintiffs assert that additional facts came to light after entry of the order denying a finding of contempt, including that, even though defendants' architect had attested previously that he had produced all relevant documents in his possession, he actually had six pages of relevant engineering reports in his possession which were ultimately produced. Supreme Court providently exercised its discretion in denying renewal. Upon renewal, plaintiffs improperly changed legal theories as to why defendants should be held in contempt (*see Matter of Kopicel v Schnaier*, 145 AD3d 599, 599-600 [1st Dept 2016]). In addition, even if the architect was defendants' agent, it is not clear that defendants violated the prior order when they did not submit an affidavit on his behalf (*Casler v Casler*, 131 AD3d 664, 665 [2d Dept 2015]; *see also Garcia v Great Atl. & Pac. Tea Co.*, 231 AD2d 401, 402 [1st Dept 1996]). Further, plaintiffs have not actually shown that they were prejudiced by any delay.

In addition, Supreme Court properly refused to vacate the note of issue (22 NYCRR 202.21 [e]) and/or waive the time limits for summary judgment (CPLR 3212 [a]), as plaintiffs failed to make a showing of "good cause" for either relief. Under the instant circumstances, Rowland's production of six pages of engineering materials and Gibble's deposition testimony post-note of issue do not constitute unusual or unanticipated circumstances (*see* 22 NYCRR 202.21 [d]; *Allen v Hiraldo*, 144

AD3d 434, 435 [1st Dept 2016]; *Price v Bloomingdale's*, 166 AD2d 151, 151-152 [1st Dept 1990]). In light of the foregoing, this Court need not reach the merits of plaintiffs' summary judgment motion. Concur—Sweeny, J.P., Renwick, Andrias, Feinman and Gesmer, JJ.