■ In the Matter of CESAR A. BAEZ, Appellant, v VANESSA ORTIZ, Respondent. [59 NYS3d 83]—

Appeal by the father from an order of the Family Court, Nassau County (Danielle M. Peterson, J.), dated September 23, 2016. The order denied the father's objections to an order of that court (Lisa M. Williams, S.M.) dated March 15, 2016, which, after a hearing, denied his petition for a downward modification of his child support obligation.

Ordered that the order dated September 23, 2016, is affirmed, without costs or disbursements.

The parties, who were divorced by a judgment of divorce dated January 28, 2011, have one child. Pursuant to the parties' amended separation agreement, dated May 28, 2008, which was incorporated but not merged into the judgment of

divorce, the father was required to pay the sum of $600 in monthly child support. In August 2014, the father petitioned for a downward modification of his child support obligation. Following a fact-finding hearing, the Support Magistrate found that the father had not met his burden of demonstrating his entitlement to a downward modification and, therefore, denied his petition. The father filed objections, which were denied by the Family Court. The father appeals.

Contrary to the father's contentions, the Family Court properly denied his objections to the Support Magistrate's determination that he failed to establish a change in circumstances that would warrant a downward modification of his child support obligation. The parties' separation agreement was executed prior to the effective date of the 2010 amendments to Family Court Act § 451 (*see* L 2010, ch 182, § 13). Therefore, in order to establish his entitlement to a downward modification of his child support obligation, the father had the burden of showing a substantial and unanticipated change in circumstances since the time the support amount was agreed to (*see Matter of Straker v Maynard-Straker*, 133 AD3d 865, 866 [2015]; *Gribbin v Gribbin*, 126 AD3d 938, 939 [2015]). "A party who fails to credibly and clearly disclose his or her financial circumstances will be unable to establish that there has been a substantial change in circumstances warranting a downward modification of child support" (*Matter of Rabasco v Lamar*, 106 AD3d 1095, 1096-1097 [2013]; *see Matter of Abizadeh v Abizadeh*, 137 AD3d 900, 901 [2016]). "The credibility determinations of the hearing court are entitled to great weight on appeal and will not be disturbed if supported by the record" (*Matter of Gavin v Worner*, 112 AD3d 928, 929 [2013]; *see Matter of Musarra v Musarra*, 28 AD3d 668, 669 [2006]). In light of the Support Magistrate's finding, which is supported by the record, that the father's evidence concerning his income lacked clarity and credibility, the father failed to satisfy his burden of proving a substantial and unanticipated change in circumstances so as to warrant a downward modification (*see Matter of Straker v Maynard-Straker*, 133 AD3d at 866; *Gribbin v Gribbin*, 126 AD3d at 939). Dillon, J.P., Roman, Miller and LaSalle, JJ., concur.