Abizadeh v Abizadeh (2018 NY Slip Op 01892)





Abizadeh v Abizadeh


2018 NY Slip Op 01892


Decided on March 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
HECTOR D. LASALLE, JJ.


2015-11360
 (Index No. 203117/09)

[*1]Ramin Abizadeh, appellant, 
v
Galit Abizadeh, respondent.


Ramin Abizadeh, Roslyn Heights, NY, appellant pro se.
Law Offices of Seidner & Associates, P.C., Garden City, NY (Matthew S. Seidner and Cassandre Plantano of counsel), for respondent.



DECISION & ORDER
Appeal from an order of the Supreme Court, Nassau County (Hope Schwartz Zimmerman, J.), entered October 20, 2015. The order, insofar as appealed from, denied the plaintiff's cross motion (1) to hold the defendant in contempt for her failure to comply with an order of that court dated July 12, 2013, and (2) to impose sanctions against nonparties Nicolette Barbarino and the Law Office of Alexander Potruch, LLC, on the ground that the notice of cross motion failed to comply with CPLR 2214(a).
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff, Ramin Abizadeh, and the defendant, Galit Abizadeh, were married in 1995 and have three children. The plaintiff commenced this action for a divorce and ancillary relief in November 2009. In a prejudgment order dated July 12, 2013, the Supreme Court directed, among other things, that the marital residence be placed on the market for sale within 30 days from the date of the order. The judgment of divorce, which was entered in May 2014, included a similar provision. In 2016, this Court determined appeals relating to various provisions of the prejudgment order and the judgment (see Abizadeh v Abizadeh, 137 AD3d 824), and a separate appeal relating to the plaintiff's compliance with the child support provisions of the judgment and his initial effort to reduce his child support obligations (see Matter of Abizadeh v Abizadeh, 137 AD3d 900).
This appeal and two other appeals decided herewith (see Abizadeh v Abizadeh, _____ AD3d _____ [Appellate Division Docket No. 2016-01567]; Abizadeh v Abizadeh, _____ AD3d _____ [Appellate Division Docket No. 2016-13480]), relate to motion practice following the entry of the judgment of divorce. In July 2015, the defendant moved, by order to show cause, to vacate that portion of the judgment which directed the sale of the marital residence. The plaintiff opposed the motion and cross-moved to hold the defendant in contempt for her alleged failure to place the marital residence on the market for sale, in violation of the order dated July 12, 2013. The plaintiff's motion also sought to sanction nonparties Nicolette Barbarino and the Law Office of Alexander Potruch, LLC, for representing the defendant "without disclosure to the court." In the order appealed from, the Supreme Court, in effect, determined that the plaintiff's notice of cross motion failed to [*2]comply with CPLR 2214(a), and it denied his cross motion on that basis. The plaintiff appeals.
CPLR 2214(a) provides that a notice of motion shall "specify the time and place of the hearing on the motion, the supporting papers upon which the motion is based, the relief demanded and the grounds therefor" (see Shields v Carbone, 99 AD3d 1100, 1102; Matter of Blauman-Spindler v Blauman, 68 AD3d 1105, 1106; HCE Assoc. v 3000 Watermill Lane Realty Corp., 173 AD2d 774). Here, the Supreme Court providently exercised its discretion in denying the plaintiff's cross motion on the ground that the plaintiff's notice of cross motion was deficient (see CPLR 2214[a]; 2215). The plaintiff's notice of cross motion failed to sufficiently specify the relief sought, against whom it was sought, and the grounds therefor (see CPLR 2214[a]). Although the plaintiff's supporting papers supplied the missing information, a court is not required to comb through a litigant's papers to find information that is required to be set forth in the notice of motion (see Jud. Conf. and Chief Admin. of the Cts. of the State of N.Y., Rep. to the 1980 Legis. in Relat. to Civ. Pract. in the Cts., Rep. of Chief Admin., at 137; see generally Fried v Jacob Holding, Inc., 110 AD3d 56, 61-62).
BALKIN, J.P., AUSTIN, SGROI and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court