Raymond E. Aldrich, Jr., J.
In a proceeding under article 3-A (Uniform Support of Dependents Law) of the Domestic Relations Law, brought by Elizabeth M. Sullivan, as petitioner, the Family Court of Dutchess County made a permanent order on March 7, 1962 in which Roger M. Sullivan, the respondent, was directed to pay $30 per week for the support of the petitioner and two children then 4% and approximately 1% years old.
By petition dated June 15,1965 the respondent asked that the order be modified downward to $20 per week because the respondent anticipated entering graduate school in the Fall of that year, and by petition dated July 7, 1965 the petitioner countered with a request that the order be modified upward to $50 per week. Both modification proceedings were heard together and will be determined in this decision. Throughout the original support proceeding and the modification proceedings herein, the respondent reserved the right to challenge his parentage of the *692 younger child of the petitioner; however, he has not pursued the issue, and the original support order and all previous applications for modification have included this child.
Anticipating attending law school, the respondent applied for his modification three months prior to enrolling* on September 13,1965. His employment at the time of his application was the same as at the time of the entry of the order of support when his average take-home pay was $95 per week. On September 15, 1965, he terminated his employment in Poughkeepsie, New York, actually enrolled in the School of Law at Columbia University, and at the present time is a full-time student in good standing.
Respondent is 35 years old. He pursued his college education while working as a claim manager for an insurance company. Now, however, he has given up his employment in order to devote his full time to attending graduate school. Without present income, he is financing his educational pursuit through a $2,500 educational loan guaranteed by the State of New York, a $500 loan and a $500 grant from Columbia "University, and modest savings of $600. He anticipates financing his second year the same way, acquiring some assistance through temporary employment in the Summer in which he hopes to earn $1,000. He lives in a standard dormitory room which has a bed, a desk, a bookcase and a chair, and he enjoys community shower privileges. His tuition is approximately $1,800. He pays $530 for his room and approximately $140 for books and stationery. The charge for board at the university is $745 per year, but rather than pay this sum, he obtains his meals in the community and he estimates his food expenses at between $500 and $600 a year, thereby effecting a savings from what he would have to pay the university.
The petitioner has received from the respondent $30 a week for the support of herself and the children who are living with her. She testified her total monthly expenses approximate $307 per month. She is employable and at the last hearing, she testified she was earning $1.95 per hour for a 4-hour, 5-day week as an office clerk with a take-home pay of $37 per week, from which she must expend $10 for a baby-sitter during her hours of employment.
While this court has continuing jurisdiction over any support order and may modify any order issued in the course of such proceeding (Family Ct. Act, § 451), this power is only exercised on proof of intervening material change of circumstances occur *693 ring- since the prior order was made (Gino v. Gino, 105 N. Y. S. 2d 333; Brown v. Brown, 194 Misc. 975).
The question presented in both of these modification proceedings now heard together is whether a material change of circumstances has occurred so as to require the court to modify the order of March 7, 1962.
With respect to the modification proceeding brought by Elizabeth M. Sullivan, this court is constrained to deny any increase in the order of $30' to $50, or any increase at all, as she has failed to show any material change of circumstances since the entry of the order which would require an increase. While testimony was given concerning the needs of the wife and the children, there was no indication that these requirements were any different than at the time of the entry of the original order, or that the wife and the children are in greater need at the present time than they were then. The only material change of circumstances has been the relinquishment of employment by the respondent, and that fact would not justify an increase in the original order.
The courts have repeatedly held that one of the ‘ ‘ circumstances of the respective parties ” is the earning capacity of the wife (Tell v. Tell, 53 N. Y. S. 2d 94; Solomon v. Solomon, 191 Misc. 80; Manheim v. Manheim, 200 Misc. 802; Benedict v. Benedict, 203 Misc. 286), and some weight under the circumstances of this ease must be accorded her ability to be employed.
The respondent’s duty to support his children is measured by the children’s needs in relation to the father’s financial ability to provide and his station in life (Stone v. Stone, 44 N. Y. S. 2d 558; Tell v. Tell, supra; Schacht v. Schacht, 187 Misc. 461; Benedict v. Benedict, supra; Langerman v. Langerman, 203 Misc. 230). This obligation of support is not gauged solely by the children’s needs (Pinto v. Pinto, 91 N. Y. S. 2d 124), but consideration must also be given to the father’s ability to earn.
With respect to the modification proceeding brought by Roger M. Sullivan, the interesting question is presented as to whether a husband and father should be permitted modification of a support order when he voluntarily relinquishes his employment so as to divest himself of all income. The resolution of this question depends upon the purpose for which employment was given up. This respondent deliberately gave up his employment to pursue a professional career, not for the malicious purpose of depriving his wife and children of support, but with the hope that in the future, he will have a career and so advance himself as to command much more lucrative employment than that of *694 a claim manager for an insurance company. ITis purpose is. laudable and shows a deep concern for the future which can be translated into a desire to be more able in the future to care for and provide for his wife and children. This respondent has a potential for increased income as demonstrated by his intellectual ability to have secured a college education and now pursue graduate studies. Development of such a potential must be encouraged and then fully exploited. The future prospects of his earning additional moneys to provide better support standards for petitioner and her children are brighter, and the children’s financial horizon for educational opportunities is becoming unlimited, not restricted by salary limitations established by job classifications set up by an employer. The court is most sympathetic with his application for reduction, for the court feels he has a will to work, an urge to learn, and a desire to support his dependents which some day after his being admitted to the Bar can be translated into a financial ability to do so far greater than in his former employment. He is leading a frugal existence and devoting himself to his academic pursuits. This is not a situation where a husband spitefully seeks employment at reduced income to deliberately evade his support obligations so as to deprive his dependents of their rightful support (Everett v. Everett, 197 Misc. 515).
While the court sympathizes with the respondent’s position and would like to encourage him to complete his academic pursuits leading to a professional career, the court does feel that to modify the order downward to $20 per week, would require the petitioner and the children to be relegated to a standard of living consistent with the low subsistence level of public relief, and this the court should not and cannot do (Nilsson v. Nilsson, 200 Misc. 841).
This court believes that it would be in the best interests of the parties, and particularly the children, if they would reconcile their differences and resume their marital life together. However, the court is powerless to compel individuals to live together in marital harmony and bliss.
For the foregoing reasons, the application of each party for modification is denied.
The petitioner in her modification proceeding asks for counsel fees (Family Ct. Act, § 438). Such allowance is discretionary with the court and is conditioned not only upon the services rendered, but upon, all the other circumstances of the case. The respondent has no income from employment because he gave it up to become a full-time student in graduate law school. This *695 court cannot determine any fund from which the means of furnishing such counsel fees can he obtained. Therefore, this court is reluctant to award counsel fees under the circumstances for fear that the same will jeopardize the weeldy support payments which must be made to the wife and children. Accordingly, the request is denied.-