■ In the Matter of IRENE B. V. DAVIS, Respondent, v RICHARD VAUGHT, Appellant. — In a support proceeding pursuant to article 4 of the Family Court Act, Richard Vaught appeals, as limited by his brief, from so much of (1) an order of the Family Court, Westchester County (Buel, J.), dated December 3, 1979, as upon reargument, granted him a downward modification of an order of child support dated January 27, 1979 by reducing his support obligation from $600 per month to $400 per month, rather than the $360 per month requested, and (2) a further order of the same court dated January 16, 1980, as awarded petitioner's attorney $975 in counsel fees. Order dated December 3, 1979 modified, on the facts, by further reducing appellant's child support obligation from $480 to $360 per month. As so modified, order affirmed insofar as appealed from, without costs or disbursements. Order dated January 16, 1980 affirmed insofar as appealed from, without costs or disbursements. Pursuant to a stipulation of settlement made November 14, 1978, appellant had agreed to pay $600 per month child support. Alimony payments were to stop. Prior to that settlement, appellant had been paying $360 per month child support, plus $340 per month alimony. Following the settlement, several events occurred which led appellant to petition for a modification of his child support obligation. His business, a wholly owned corporation, *inter alia,* performing title searches for banks, collapsed. Petitioner, meanwhile, remarried and moved with her children into her present husband's home. On April 15, 1979 petitioner rented out the former marital residence (to which she held title and whose fair market value is estimated at $50,000). She secured a net of about $250 per month in rental income. Thus she is now supported by her present husband and has gained substantial additional income. The Family Court ruled that these last factors constituted a substantial change in circumstances, justifying a downward modification of appellant's support payments from $600 to $480 per month. The total reasonable needs of the children was found to be $680 per month, leaving $200 per month to be paid by petitioner as her proportionate share of the child support obligation. Appellant challenges, as excessive, both the total needs found and his proportionate share. Appellant claims that the Family Court erred in failing to make an independent determination of the reasonable needs of the children. He does not offer any factual argument, however, that the $680 figure is per se excessive for three children. Examination of the record and the court's decision dated October 19, 1979 finds appellant's argument to be without merit. Obviously, the Family Court did not

rely solely on the $600 figure set in the parties' earlier stipulation of settlement or the $1,716.97 in children's monthly expenses claimed by petitioner. The testimony before the Family Court indicates due inquiry was made into the children's needs and expenses. With respect to the appellant's claim that his proportionate share of child support is excessive he notes that the Family Court considered not only his actual income, but his potential to earn as well. This is claimed to be error in that the record fails to substantiate any bad faith on his part in securing further employment. We agree. In cases where the court has considered ability to earn, the individual has sought to avoid his obligation to use his earning power to support his family (see, e.g., *Hickland v Hickland,* 39 NY2d 1; *Matter of Sullivan v Sullivan,* 55 Misc 2d 691). The record fails to substantiate any such bad faith on appellant's part. Hence, the Family Court erred by considering his potential to earn, rather than his actual income. At present, appellant's primary source of income is a military pension in the amount of $1,074.51 per month. Petitioner's monthly net income is approximately $650 per month. As of the November 14, 1978 settlement, petitioner evidently deemed it sufficient to receive $600 per month for child support. In April, 1979, as noted earlier, her net income increased by $250 per month. Under all these circumstances, we find that a fair apportionment of the children's reasonable needs of $680 per month requires a further reduction of appellant's proportionate obligation to $360 per month, as originally requested in appellant's petition (cf. *Berzins v Berzins,* 64 AD2d 881). Hopkins, J. P., Lazer, Gibbons and Cohalan, JJ., concur.