■ SALLY SCHELTER, Respondent, v BRUCE H. SCHELTER, Appellant.—Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Supreme Court correctly determined that it had no power to cancel the alleged arrears in child support. Domestic Relations Law § 244, as amended (L 1986, ch 892), precludes the cancellation of arrears in child support (see, Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 244, at 751-752; Singer v Singer, 136 AD2d 695, 697). Although the court also properly concluded that it could not modify the obligations of the separation agreement, qua contract (see, Kleila v Kleila, 50 NY2d 277, 283; Goldman v Goldman, 282 NY 296, 305), it erred in summarily denying defendant's application for a downward modification of the child support provisions of the agreement, which were incorporated but not merged into the divorce judgment. Where the applicant demonstrates that there has been an unanticipated and unreasonable change of circumstances, the court may modify the support obligations of the judgment (see, Matter of

*Boden v Boden,* 42 NY2d 210; *Epel v Epel,* 139 AD2d 488). Defendant's allegation that he became totally disabled upon suffering a second work-related injury after the parties consented to an order for arrears and support in 1985 demonstrated a substantial change of circumstances sufficient to warrant an evidentiary hearing on this issue *(see, Matter of Davis v Vaught,* 82 AD2d 805; *Kreuger v Kreuger,* 78 AD2d 692). The award of support arrears included arrears that accumulated subsequent to the date of defendant's application for downward modification. Although plaintiff is entitled to arrears that accumulated prior to defendant's application, we cannot discern from the record the amount of those arrears. The award of arrears should be vacated, and the issue of arrears is remitted for determination after the hearing. We also vacate that portion of the order directing sequestration and the appointment of a receiver. The hearing court should reconsider whether such relief is appropriate after it determines whether the support obligation should be modified and recalculates whatever arrears may be due and owing. (Appeal from order of Supreme Court, Monroe County, Siracuse, J.—support.) Present—Doerr, J. P., Boomer, Green, Balio and Davis, JJ.