(December 10, 1996)

■ JODY S. GREENFIELD, Respondent, v KAREN B. GREENFIELD, Appellant. [650 NYS2d 698] —Judgment, Supreme Court, Queens County (Joseph Modugno, J.H.O.), entered December 19, 1994, which, *inter alia*, granted the parties a divorce, awarded defendant wife custody of and plaintiff husband visitation rights with the parties' child, awarded the wife $207.92 a week in child support, denied the wife's request for child care, summer camp, and nursery school expenses, awarded the wife $150 a week in maintenance for a period of two years, awarded the wife $8,400 for enhancement of the husband's professional earnings, and awarded the wife $1,500 in counsel fees, unanimously modified, on the law, the facts, and in the exercise of discretion, to direct the husband to pay the cost of medical and dental insurance for the wife for two years, and all unreimbursed non-elective medical and dental expenses incurred during that two-year period, and 100% of the child's summer camp, child care, and nursery school expenses for two years and thereafter 75% of such child-related expenses, to increase the award for enhancement of professional earnings to $66,042.60 payable within 60 days of entry of this Court's order or within five years by annual installments of $13,208.52 beginning 60 days after entry of this Court's order and to increase the award of attorney's fees to $7,500 also payable within 60 days after entry of this Court's order or within five years in annual installments of $1,500, and otherwise affirmed, without costs.

The record is sufficient to make the necessary findings of fact pertinent to maintenance and support notwithstanding the Judicial Hearing Officer's failure to do so. Taking into

consideration the husband's actual net earnings of $3,961 a month, which we use absent a showing of a bad faith attempt not to realize his full earning potential (*Matter of Davis v Vaught*, 82 AD2d 805), his personal expenses of approximately $1,166 a week, the wife's reasonable needs and earning potential of $1,666 a month once she resumes employment, which should be within two years, as well as a marriage of relatively short duration and the relative youth of the parties, we find the maintenance and support awarded by Supreme Court to represent a fair and adequate accommodation of the parties' competing needs. However, inasmuch as the husband was the sole wage earner as of the end of the trial—the wife as of that time was not scheduled to return to work for two years—the husband should also provide the wife with medical and dental insurance, pay for her unreimbursed non-elective medical and dental expenses (*Raviv v Raviv*, 153 AD2d 932, 934), and pay for 100% of the child's summer camp, child care, and nursery school expenses during that two-year period and thereafter 75% of those child-related expenses (*Matter of Cassano v Cassano*, 85 NY2d 649; *Slankard v Chahinian*, 204 AD2d 529).

With regard to the distributive award for enhancement of the husband's professional earnings, we find the calculations of the husband's expert to be flawed. The parties' experts agreed upon the approximate amount that the husband's residency and certification in internal medicine enhanced his future earnings above the amount he would have earned as a general practitioner. However, the husband's loans, which were taken out prior to the parties' marriage and were only used to pay for the husband's education prior to the parties' marriage, should not have been subtracted from the estimated amount of future enhancement. Nor should the coverture fraction have taken into account the entire 12 years of undergraduate, graduate and post-graduate education the husband required to become an internist. Of those 12 years, only the last 36 months were occupied by the husband's training in his area of specialty, and accordingly it is only this last 36-month period that is relevant to determining the increment of *enhancement* in plaintiff's professional earnings attributable to his becoming a specialist. As the parties were married for 32 of the relevant 36 months, the correct coverture fraction is 88.89%, which when multiplied by the approximate total future earning enhancement of $371,485,* leaves enhanced earnings of $330,213 attributable to the period of the marriage. In

---

* As noted, both experts agreed as to this figure.

determining the wife's percentage of the husband's enhanced earnings, we have taken into consideration the wife's direct and indirect contributions to the husband's successful completion of his residency and board certification. We also note that she did not have to sacrifice her career and that the parties, during those 32 months, did not yet have any children. Therefore, we award the wife 20% of the husband's enhanced earnings. Multiplying the wife's percentage by the husband's estimated enhanced earnings attributable to the period of the marriage, we increase the wife's award from $8,400 to $66,042.60. The husband can either pay the award in a lump sum or in annual installments of $13,208.52 over a period of five years, with the first installment or the lump sum to be paid 60 days after the entry of this decision. Even with the above modifications, the wife will have substantially less funds than the husband. She is unemployed, has sole custody of the parties' child, and has very limited savings. Therefore, we increase the wife's award of attorney's fees from $1,500 to $7,500 payable within 60 days of entry of this Court's order or within five years in annual installments of $1,500, the first such installment to be made within 60 days of entry of this Court's order.

The wife's remaining arguments have been considered and found to be without merit. The trial court's distributive award of the parties' joint savings, checking, and money market accounts was a proper exercise of discretion, and, especially in view of the above modifications, the husband should not have to return the car to the wife in working condition.

Motion denied insofar as leave to appeal to the Court of Appeals is sought, and granted insofar as reargument is sought and, upon reargument, and upon the cross-motion seeking recalculation and clarification, this Court's unpublished decision and order entered on June 13, 1996 (Appeal No. 57474) is recalled and vacated and a new decision and order substituted therefor, decided simultaneously herewith; the cross-motion is otherwise denied. Concur—Murphy, P. J., Milonas, Ross, Nardelli and Tom, JJ.