In the Matter of CAROL PERRY, Appellant, v LOUIS S. PICA, Respondent. [802 NYS2d 772]—

Crew III, J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered December 19, 2003, which, inter alia, granted respondent's application, in a proceeding pursuant to Family Ct Act article 4, for modification of a prior order of child support.

Petitioner and respondent are the biological parents of two children born in 1989 and 1991. Following the parties' divorce, respondent was ordered to pay child support in the amount of $1,800 per month, spousal support in the amount of $125 per week and an additional $200 per month for insurance reimbursement. Approximately six months after the foregoing support order was entered, respondent, a computer scientist, lost his employment through corporate downsizing, prompting him to seek a downward modification of his child support obligation in December 2001. The Support Magistrate denied respondent's application, noting that respondent, who earned in excess of $350,000 in 2000 and $150,000 in 2001, failed to adequately explain the dissipation of his salary and other financial remuneration from his previous employment.

Thereafter, in November 2002, respondent commenced the instant modification proceeding seeking to have his child support obligation reduced to reflect his current income, his spousal support obligation suspended and his obligation to pay his share of child-care expenses discontinued. A violation proceeding was thereafter commenced on petitioner's behalf, contending that

respondent was in arrears with regard to his various support obligations. Following a hearing, at which only petitioner and respondent appeared and testified, the Support Magistrate reduced respondent's child support obligation to $133.25 per week, suspended respondent's spousal support obligation and capped his child-care expenses at $75 per week. Petitioner's violation petition was referred to Family Court.[1] The parties then filed written objections to the Support Magistrate's decision. By order entered December 19, 2003, Family Court denied and/or dismissed the parties' objections, finding no basis upon which to disturb the Support Magistrate's respective decisions modifying respondent's support obligations and dismissing petitioner's violation petition. This appeal by petitioner ensued.[2]

Initially, we reject petitioner's assertion that respondent failed to demonstrate a sufficient change in circumstances to warrant modification of his support obligations. At the time of the underlying hearing, respondent was an independent contractor for a used car dealership in New Jersey earning $300 per week or $15,600 per year, which clearly represented a significant departure from his prior six-figure salary, and respondent testified that he was then incurring approximately $1,300 per month in expenses. As to his remaining assets, respondent testified that he liquidated his tax deferred savings plan to cover a portion of his outstanding arrears and that the proceeds of his severance check went to petitioner and his mother, the latter of whom apparently had advanced certain moneys to him. Respondent further testified that he was willing to transfer any stock held in his name alone to satisfy outstanding arrears and that his pension funds were not available to him as they were "on hold" pending resolution of a qualified domestic relations order. Satisfied that respondent adequately documented both his earnings and the dissipation of his remaining assets, the Support Magistrate found that respondent had demonstrated a sufficient change in circumstances to warrant modification of his support obligations. As the record as a whole supports the Support Magistrate's finding in this regard, we will not disturb it.

As to the amount of support awarded, the Support Magistrate found that petitioner, a self-employed hair stylist working out of the former marital residence, was capable of earning $30,000 per year. As the testimony at the hearing revealed that petitioner grossed $16,000 in 2001 and $21,473 in 2002, and

**1.** Family Court subsequently referred the violation petition back to the Support Magistrate, who ultimately dismissed it.

**2.** Respondent, who apparently is not represented by counsel, did not file a brief on appeal.

given that petitioner has been working in her chosen profession for more than 30 years and is free to select her own work hours, the Support Magistrate's decision as to petitioner's earning capacity is adequately explained and, in our view, fully supported by the record on appeal.

We reach a contrary conclusion, however, with regard to the Support Magistrate's decision to impute the identical earning capacity to respondent. Respondent's resume reflects that he is a well-educated individual with extensive work experience, including 18 years as a software engineer for IBM Corporation, who previously earned a six-figure salary as a computer scientist in the information technology field. Additionally, it is clear from respondent's own testimony that his prior earning capacity vastly exceeded that of petitioner, and one of respondent's online resume postings contained in the record on appeal reflects that he was seeking a position with an annual salary of $75,000. On that point, while the record indeed indicates that respondent unsuccessfully sought employment via a number of avenues before accepting the $300 per week position he held at the time of the underlying hearing, the scant record before us contains little or no evidence of the prevailing market conditions facing, employment opportunities available or prevailing salaries paid to individuals with respondent's credentials in his chosen field. Absent such evidence, respondent's true earning capacity cannot reasonably be ascertained. Accordingly, although a Support Magistrate indeed is afforded considerable discretion in imputing income to a parent (*see Matter of Skrandel v Haese*, 2 AD3d 1188, 1190 [2003]), we conclude that the record as a whole simply does not substantiate the Support Magistrate's decision to impute only $30,000 of income to respondent for purposes of calculating his support obligations. This matter is, therefore, remitted to Family Court for a new determination as to respondent's support obligations. Petitioner's remaining contentions, including her assertion that Family Court's apparent failure to comply with the provisions of Family Ct Act § 439 (e) warrants vacatur of the underlying order and dismissal of respondent's modification petition, have been examined and found to be lacking in merit.

Cardona, P.J., Mercure, Carpinello and Rose, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as reduced respondent's child support obligation to $133.25 per week, eliminated his spousal support obligation and capped his childcare expenses at $75 per week; matter remitted to the Family Court of Broome County for a de novo determination of respondent's support obligations; and, as so modified, affirmed.