■ In the Matter of GREGORY L. SILVER, Respondent, v KATHRYN M. REISS, Appellant. [902 NYS2d 700]—

Rose, J. Appeal from an order of the Family Court of Essex County (Meyer, J.), entered December 17, 2008, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, for modification of a prior child support order.

In November 2005, the parties stipulated that the child support obligation of petitioner (hereinafter the father) would be based upon imputed annual income of $28,667. Although the father was then essentially unemployed, two years earlier his income from a business of respondent (hereinafter the mother) had been approximately $60,000. Based on that prior income and the father's hopes for future employment, the parties agreed to his annual income and the corresponding child support amount. This agreement was later incorporated, but not merged, into a judgment of divorce. In 2007, after the father's attempts to obtain steady employment failed, he petitioned for a downward modification of child support. The Support Magistrate dismissed the petition for the father's failure to show a sufficient change in circumstances, but Family Court reversed that determination and reduced the amount of child support after finding a sufficient change in circumstances in the father's unsuccessful efforts to obtain employment and the depletion of his other financial resources. The mother appeals, arguing that because the father had been unemployed when he stipulated to the amount of child support, his continued unemployment does not constitute an unanticipated change in circumstances.

We affirm. The parent seeking modification of an agreed-upon child support order has the burden to "establish a sufficient change in circumstances warranting the requested downward modification" (*Matter of Heyn v Burr*, 6 AD3d 781, 782 [2004]). A parent's inability to secure new work after losing employment may constitute an unanticipated and unreasonable change of circumstances where the award of support was premised upon a particular amount of income (*see e.g. Matter of Perry v Pica*, 22 AD3d 903, 904 [2005]; *Matter of Mancini v Borowicz*, 271 AD2d 789, 791 [2000]). Here, although the father was not employed when the amount was agreed upon, the record shows that the child support amount was based upon his agreed-upon imputed income and his expectation that he would soon secure employment. He was only able to meet his support obligations, however, by exhausting the $35,000 distributive award that he had received upon the divorce. Accordingly, we decline to disturb Family Court's conclusion that the father established a sufficient change in circumstances and hardship warranting a modification of child support (*see Matter of Fuller v Fuller*, 11 AD3d 775, 777 [2004]; *Cynoske v Cynoske*, 8 AD3d 720, 722-723 [2004]; *Matter of De Luca v Randall*, 285 AD2d 684, 685 [2001]; *Matter of Mancini v Borowicz*, 271 AD2d at 792; *Matter of Talandis v Talandis*, 233 AD2d 689, 690 [1996]).

Peters, J.P., Stein, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, without costs.