■ In the Matter of JEFFREY M. SINGER, Appellant, v LINDA A. PRIZER, Respondent. [946 NYS2d 584]—In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Dane, J.), dated October 26, 2011, which denied his objections to an order of the same court (Cahn, S.M.), dated August 19, 2011, which, upon, in effect, granting that branch of the mother's motion which was to dismiss his petition to terminate his child support obligation, dismissed his petition.

Ordered that the order dated October 26, 2011, is affirmed, with costs.

The father annexed to his petition a so-ordered stipulation settling certain prior litigation between the parties. By attaching the stipulation to the petition, the father made the stipulation "a part of" the petition "for all purposes" (*805 Third Ave. Co. v M.W. Realty Assoc.*, 58 NY2d 447, 451 [1983]; *see* CPLR 3014).

In the stipulation, the father agreed to pay certain child support to the mother, who, pursuant to the parties' judgment of divorce, had sole custody of the parties' child. The father also agreed that he would not "bring on any application to . . . modify" the child support obligation he agreed to.

Under the circumstances, the father was precluded from commencing a proceeding such as the instant proceeding. Therefore, the cause of action alleged in the petition was "completely undermined and rendered legally insufficient by the very terms of" the stipulation (*Manchester Equip. Co. v Panasonic Indus. Co.*, 141 AD2d 616, 617 [1988]). Accordingly, the Family Court properly, in effect, granted that branch of the mother's motion which was to dismiss the petition (*id.* at 617-618).

In light of our determination, we need not reach the father's remaining contentions.

We decline the mother's request for the imposition of sanctions against the father pursuant to 22 NYCRR 130-1.1 in connection with this appeal. Skelos, J.P., Leventhal, Chambers and Roman, JJ., concur.