In the Matter of BEATA GADALINSKA, Respondent, v ABUBAKER AHMED, Appellant. [992 NYS2d 115]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Aaron, J.), dated February 1, 2013, which denied his objection to so much of a corrected order of the same court (Bloom, S.M.) dated December 18, 2012, as, without a hearing, in effect, dismissed his petition for a downward modification of his child support obligation for failure to state a cause of action.

Ordered that the order dated February 1, 2013 is reversed, on the law, without costs or disbursements, the father's objection to so much of the corrected order dated December 18, 2012 as, without a hearing, in effect, dismissed his petition for a downward modification of his child support obligation for failure to state a cause of action is granted, so much of the corrected order dated December 18, 2012 as, in effect, dismissed the father's petition for a downward modification of his child support obligation is vacated, and the matter is remitted to the Family Court, Nassau County, for further proceedings on the father's modification petition.

The parties entered into a stipulation of settlement in July 2010 which provided that the mother would have custody of the parties' children and that the father would pay child support in a specified amount each week. The stipulation of settlement was incorporated but not merged into a subsequent judgment of divorce. The father subsequently petitioned for a downward

modification of his child support obligation. The Support Magistrate, in a corrected order dated December 18, 2012, in effect, dismissed the father's petition, without a hearing, on the ground that it failed to state a cause of action. We reverse.

The parties' stipulation of settlement was executed prior to the effective date of the 2010 amendments to Family Court Act § 451 (*see* L 2010, ch 182, § 13). Therefore, in order to establish his entitlement to a downward modification of his child support obligation, the father had the burden of showing a substantial and unanticipated change in circumstances since the time he agreed to the support amount (*see* Family Ct Act § 451 [2] [a]; *Matter of Dimaio v Dimaio*, 111 AD3d 933, 933-934 [2013]; *Matter of Sabini v Sabini*, 105 AD3d 749, 749 [2013]).

When determining whether a change in circumstances warranting a modification has occurred, courts must consider several factors, including "a loss of income or assets by a parent or a substantial improvement in the financial condition of a parent, and the current and prior lifestyles of the children" (*Shedd v Shedd*, 277 AD2d 917, 918 [2000]; *see Matter of Love v Love*, 303 AD2d 756 [2003]). "Child support is not a one-sided obligation placed upon a single parent, but rather an evaluation of the means and responsibilities of both parents and the needs and best interest of the child" (*Matter of Chariff v Carl*, 191 AD2d 795, 796 [1993]).

Contrary to the Support Magistrate's conclusion, the father's petition was sufficient to state a cause of action for a downward modification of his child support obligation. The father alleged that the mother's income and resources had significantly increased since the parties entered into the stipulation of settlement (*see Matter of Love v Love*, 303 AD2d 756 [2003]; *Matter of Davis v Vaught*, 82 AD2d 805, 805-806 [1981]; *cf. Matter of Corbisiero v Corbisiero*, 112 AD3d 625, 626 [2013]). Furthermore, the father had not been unemployed when the stipulation of settlement was entered, and the father alleged that his subsequent unemployment, coupled with the depletion of his financial resources, substantially affected his ability to pay the amount that was agreed to in the stipulation (*see Matter of Silver v Reiss*, 74 AD3d 1441 [2010]). Since the allegations in the father's petition, if substantiated, were sufficient to constitute a change in circumstances warranting a modification of his child support obligation, the Support Magistrate should not have, in effect, dismissed his petition for failure to state a cause of action (*see Matter of Green v Silver*, 96 AD3d 843, 845 [2012]; *cf. Reese v Reese*, 112 AD3d 602 [2013]). Accordingly, the matter must be remitted to the Family Court, Nassau County, for fur-

ther proceedings, including a hearing, on the father's modification petition, which shall include consideration of the evidence submitted by the father in support of his allegations. Dillon, J.P., Balkin, Miller and Maltese, JJ., concur.