■ Eleanor Dougherty, Appellant-Respondent, v Bryan Dougherty, Respondent-Appellant. [16 NYS3d 251]—

Appeal and cross appeal from stated portions of a judgment of divorce of the Supreme Court, Nassau County (Hope Schwartz Zimmerman, J.), entered December 18, 2012. The judgment, upon a decision dated May 27, 2011, made after a nonjury trial, inter alia, directed equitable distribution of the

parties' marital property and directed the defendant to pay child support.

Ordered that the judgment is modified, on the law, by deleting the provisions thereof directing the defendant to pay the sum of $3,000 per month in child support commencing on June 1, 2011, up to and including February 11, 2012, and the sum of $2,040 per month in child support commencing on February 12, 2012, up to and including April 27, 2015; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith, and for the entry of an appropriate amended judgment thereafter; and it is further,

Ordered that pending a new determination by the Supreme Court of the child support payments to be made by the defendant, the child support payment to be paid by the defendant, as set forth in the judgment appealed from, shall remain in effect.

The Supreme Court properly imputed $75,000 in annual income to the plaintiff, based upon her education and experience, and her admission that she was capable of earning $80,000 as a registered nurse. "In determining a child support obligation, a court need not rely on a party's own account of his or her finances" (*Bell v Bell*, 277 AD2d 411, 412 [2000]), but may, in the exercise of its considerable discretion (*see Matter of Julianska v Majewski*, 78 AD3d 1182, 1183 [2010]), impute income to a party based upon his or her employment history, future earning capacity, and educational background (*see Matter of Bouie v Joseph*, 91 AD3d 641 [2012]; *Brown v Brown*, 239 AD2d 535 [1997]), and what he or she is capable of earning, based upon prevailing market conditions and prevailing salaries paid to individuals with the party's credentials in his or her chosen field (*see Matter of Gebaide v McGoldrick*, 74 AD3d 966, 967 [2010]; *Matter of Perry v Pica*, 22 AD3d 903, 904-905 [2005]).

Contrary to the defendant's contention, the Supreme Court's imputation of income to him of $225,000 annually was supported by evidence of his past earning history and his future earning capacity (*see Turco v Turco*, 117 AD3d 719, 722 [2014]; *Lago v Adrion*, 93 AD3d 697, 699 [2012]).

Contrary to the plaintiff's contention, the Supreme Court properly calculated her pro rata share of the basic child support obligation. Pursuant to the Child Support Standards Act (Domestic Relations Law § 240 [1-b]), the court was required to deduct the defendant's maintenance obligation from his income prior to the calculation of child support (*see* Domestic Relations

Law § 240 [1-b] [b] [5] [vii] [C]; *Thoma v Thoma*, 21 AD3d 1080 [2005]). Here, after deducting from the defendant's gross income the amount that he pays in maintenance each year, the Supreme Court properly determined the parties' pro rata shares of the combined parental income.

"Unlike the obligation to provide support for a child's basic needs, 'support for a child's college education is not mandatory' " (*Matter of Lynn v Kroenung*, 97 AD3d 822, 823 [2012], quoting *Cimons v Cimons*, 53 AD3d 125, 127 [2008]). "Instead, absent a voluntary agreement, whether a parent is obligated to contribute to a child's college education is 'dependent upon the exercise of the court's discretion in accordance with Domestic Relations Law § 240 (1-b) (c) (7)' [*Cimons v Cimons*, 53 AD3d at 127], and an award will be made only 'as justice requires' " (*Matter of Lynn v Kroenung*, 97 AD3d at 823, quoting Domestic Relations Law § 240 [1-b] [c] [7] [some internal quotation marks omitted]; *see Matter of Levison v Trinkle*, 70 AD3d 827, 830 [2010]; *Cimons v Cimons*, 53 AD3d at 129). "[A] court must give due regard to the circumstances of the case and the respective parties, as well as both the best interests of the child and the requirements of justice" (*Powers v Wilson*, 56 AD3d 642, 643 [2008]). Under the circumstances of this case, the Supreme Court providently exercised its discretion in apportioning 72% of the subject children's educational expenses to the defendant, and 28% to the plaintiff.

Contrary to the defendant's contention, the Supreme Court properly determined that the plaintiff is entitled to a credit of $45,000 for her contribution of separate property toward the purchase of the marital residence (*see Juhasz v Juhasz*, 59 AD3d 1023 [2009]; *Milnarik v Milnarik*, 23 AD3d 960, 962-963 [2005]; *Gonzalez v Gonzalez*, 291 AD2d 373, 374 [2002]).

The Supreme Court providently awarded maintenance to the plaintiff for a period of seven years, and the amount of the award was not excessive. " '[A]s a general rule, the amount and duration of maintenance are matters committed to the sound discretion of the trial court' " (*Myers v Myers*, 118 AD3d 1315, 1316 [2014], quoting *Frost v Frost*, 49 AD3d 1150, 1150-1151 [2008]; *see McCarthy v McCarthy*, 57 AD3d 1481, 1481-1482 [2008]). The factors to be considered in awarding maintenance include "the standard of living of the parties during the marriage, the income and property of the parties, the distribution of marital property, the duration of the marriage, the health of the parties, the present and future earning capacity of both parties, the ability of the party seeking maintenance to become self-supporting, and the reduced or lost lifetime earning capac-

ity of the party seeking maintenance" (*Unterreiner v Unterreiner*, 288 AD2d 463, 463 [2001]). Inasmuch as the Supreme Court properly considered the factors set forth in Domestic Relations Law § 236 (B) (6) (a), the award of maintenance was not improvident (*see Marley v Marley*, 106 AD3d 961, 962 [2013]; *McCarthy v McCarthy*, 57 AD3d at 1481-1482; *Meccariello v Meccariello*, 46 AD3d 640, 641-642 [2007]). Moreover, taking into consideration the financial circumstances of the parties, the duration of the maintenance payment obligation was not excessive (*see Schmitt v Schmitt*, 107 AD3d 1529, 1529 [2013]; *McCarthy v McCarthy*, 57 AD3d at 1482; *Appel v Appel*, 54 AD3d 786 [2008]; *cf. Perry v Perry*, 101 AD3d 1762, 1762-1763 [2012]).

Given the circumstances of the case, the Supreme Court did not improvidently exercise its discretion in its award of attorney's fees and disbursements to the plaintiff (*see DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]; *Prichep v Prichep*, 52 AD3d 61, 64 [2008]; *see generally Timpone v Timpone*, 28 AD3d 646 [2006]; *Morrissey v Morrissey*, 259 AD2d 472, 473 [1999]; *Walker v Walker*, 255 AD2d 375, 376 [1998]).

However, the Supreme Court did not award the defendant a credit against his child support obligation for any portion of the mortgage payments, homeowners' insurance, and real estate taxes that he is required to pay during the plaintiff's exclusive occupancy of the marital residence. As a result, the defendant is making double shelter payments (*see Davidman v Davidman*, 97 AD3d 627 [2012]; *Mosso v Mosso*, 84 AD3d 757, 759 [2011]; *Cohen v Cohen*, 286 AD2d 698 [2001]; *Lenigan v Lenigan*, 159 AD2d 108, 112 [1990]). Therefore, the matter must be remitted to the Supreme Court, Nassau County, for a recalculation of the defendant's child support obligation, with the defendant receiving a credit for any mortgage payments, homeowners' insurance payments, and real estate tax payments that he previously made (*see Mosso v Mosso*, 84 AD3d at 759).

Moreover, the child support award should have included a provision either directing that, when a child is living away from home while attending college, the defendant's monthly child support obligation shall be reduced, or awarding the defendant a credit against his child support obligation for any amounts that he contributes toward college room and board expenses for that child during those months (*see Sawin v Sawin*, 128 AD3d 663 [2015]; *Kim v Schiller*, 112 AD3d 671, 676 [2013]; *Matter of Levy v Levy*, 52 AD3d 717, 718-719 [2008]). Accordingly, the matter must also be remitted to the Supreme Court,

Nassau County, for a determination of the defendant's child support obligation, considering any time periods that one or more of the parties' unemancipated children are living away from home at college (*see Matter of Levy v Levy*, 52 AD3d at 719).

The plaintiff's remaining contention is without merit. Mastro, J.P., Balkin, Chambers and Maltese, JJ., concur.