In the Matter of GEOFFREY MILTON, Appellant, v JOAN TORMEY-MILTON, Respondent. [21 NYS3d 155]—

Appeal from an order of the Family Court, Nassau County (Robin M. Kent, J.), dated September 29, 2014. The order denied the father's objections to a prior order of that court (Adam E. Small, S.M.) dated April 7, 2014, which, without a hearing, granted the mother's motion to dismiss his petition for a downward modification of his child support obligation.

Ordered that the order dated September 29, 2014, is reversed, on the law, with costs, the father's objections to the order dated April 7, 2014, are granted, the order dated April 7, 2014, is vacated, and the matter is remitted to the Family Court, Nassau County, for further proceedings on the father's modification petition in accordance herewith.

The parties entered into a postjudgment stipulation of settlement in June 2010, which provided that the father would pay child support in a specified amount each month. The father subsequently petitioned for a downward modification of his

child support obligation. In an order dated April 7, 2014, the Support Magistrate, without a hearing, granted the mother's motion to dismiss the father's petition for a downward modification of his child support obligation on the ground that it failed to state a cause of action. In the order appealed from, the Family Court denied the father's objections to the order dated April 7, 2014. We reverse.

The parties' stipulation of settlement was executed prior to the effective date of the 2010 amendments to Family Court Act § 451 (*see* L 2010, ch 182, § 13). Therefore, to establish his entitlement to a downward modification of his child support obligation, the father had the burden of showing a substantial and unanticipated change in circumstances since the time he agreed to the support amount (*see Gribbin v Gribbin*, 126 AD3d 938 [2015]; *Matter of Gadalinska v Ahmed*, 120 AD3d 1232, 1232-1234 [2014]; *Matter of Dimaio v Dimaio*, 111 AD3d 933, 933-934 [2013]; former Family Ct Act § 451 [2] [a]).

When determining whether a change in circumstances warranting a modification has occurred, courts must consider several factors, including "a loss of income or assets by a parent or a substantial improvement in the financial condition of a parent, and the current and prior lifestyles of the children" (*Shedd v Shedd*, 277 AD2d 917, 918 [2000]; *see Matter of Love v Love*, 303 AD2d 756 [2003]). A determination of child support must include an evaluation of the means and responsibilities of both parents and the needs and best interests of the child (*see Matter of Chariff v Carl*, 191 AD2d 795, 796 [1993]). A parent's inability to secure new work after losing employment may constitute a substantial and unanticipated change in circumstances where the award of support was premised upon a particular amount of income (*see Matter of Silver v Reiss*, 74 AD3d 1441 [2010]; *Matter of Perry v Pica*, 22 AD3d 903, 904 [2005]; *Matter of Mancini v Borowicz*, 271 AD2d 789, 791 [2000]).

Contrary to the Support Magistrate's conclusion, the father's petition was sufficient to state a cause of action for a downward modification of his child support obligation. The father alleged in his petition that his income had decreased since the parties entered into the stipulation of settlement, and alleged in his financial disclosure affidavit that his twin children were going away to college and that their tuition, room, and board would be paid out of a Uniform Transfers to Minors Act (EPTL 7-6.1— 7-6.26) account funded by him (*see Matter of Gadalinska v Ahmed*, 120 AD3d at 1232-1234; *Matter of Silver v Reiss*, 74 AD3d 1441 [2010]; *Matter of Davis v Vaught*, 82 AD2d 805,

805-806 [1981]; *cf. Matter of Corbisiero v Corbisiero*, 112 AD3d 625, 626 [2013]). Furthermore, although the father was employed when the amount was agreed upon, the child support amount was based upon his imputed income and his expectation that he would soon secure more lucrative employment. That employment opportunity did not arise, and the father alleged that he was only able to meet his support obligations by depleting his financial resources. Since the allegations in the father's petition, if substantiated, were sufficient to constitute a substantial and unanticipated change in circumstances warranting a modification of his child support obligation, the Support Magistrate should not have granted the mother's motion to dismiss his petition for failure to state a cause of action (*see Matter of Gadalinska v Ahmed*, 120 AD3d at 1232-1234; *Matter of Green v Silver*, 96 AD3d 843, 845 [2012]; *cf. Reese v Reese*, 112 AD3d 602 [2013]).

Accordingly, we remit the matter to the Family Court, Nassau County, for further proceedings on the father's modification petition, including a hearing and consideration of the evidence submitted by the father in support of his allegations. Mastro, J.P., Dickerson, Miller and Maltese, JJ., concur.