In the Matter of NICOLE NENNINGER, Appellant, v PAUL KELLY, Respondent. [34 NYS3d 131]—

Appeal from an order of the Family Court, Suffolk County (Martha L. Luft, J.), dated February 10, 2015. The order denied the mother's objections to so much of an order of that court (Barbara Lynaugh, S.M.), dated December 11, 2014, as denied that branch of her motion which was to disqualify the father's attorney and directed the dismissal of her petition for an upward modification of the father's child support obligation.

Ordered that the order dated February 10, 2015, is affirmed, without costs or disbursements.

The parties, who have three children, entered into a stipulation of settlement on January 6, 2009, which was incorporated but not merged into their judgment of divorce entered July 7,

2009. Pursuant to the stipulation, the parties agreed, among other things, to waive their rights under the provisions of the Child Support Standards Act (Domestic Relations Law § 240 [1-b]) (hereinafter the CSSA) that establish the presumptive amount of child support. The stipulation set forth that the father would pay child support in the sum of $2,000 per month, which was less than the amount that would have been set under the CSSA. The stipulation also set forth that the father would pay the mother maintenance in the sum of $3,000 per month until October 1, 2014. The stipulation stated that, upon the termination of the father's maintenance obligation on October 1, 2014, his child support obligation was to continue at the rate of $2,000 per month, plus a cost of living adjustment based upon the increase in the Consumer Price Index for the northeast region for the year 2013.

In June 2014, the mother petitioned for an upward modification of the father's child support obligation. The mother alleged that since, pursuant to the stipulation, her maintenance award would end on October 1, 2014, the father's child support obligation should be recalculated pursuant to the CSSA. The mother also moved, inter alia, to disqualify the father's attorney on the ground that the father's attorney represented the mother's current husband in his own child support matters, in the course of which the father's attorney obtained confidential information related to the mother's divorce from the father and her finances. The father cross-moved, inter alia, for the imposition of sanctions against the mother for making a frivolous motion, and for an award of an attorney's fee.

As relevant to this appeal, in an order dated December 11, 2014, a Support Magistrate directed the dismissal of the mother's petition on the ground that it failed to state a cause of action and denied that branch of the mother's motion which was to disqualify the father's attorney. The mother then filed objections to those portions of the Support Magistrate's order. In an order dated February 10, 2015, the Family Court denied the mother's objections. The mother appeals.

The parties' stipulation of settlement, which was incorporated but not merged into the parties' judgment of divorce, set forth the father's child support obligation, and was executed before the effective date of the 2010 amendments to Family Court Act § 451 (see L 2010, ch 182, § 13). "Therefore, in order to establish [her] entitlement to an upward modification of the [father's] child support obligation, the [mother] had the burden of establishing an unanticipated and unreasonable change in circumstances resulting in a concomitant need, or that the

agreement was not fair and equitable when entered into" (*Zaratzian v Abadir*, 128 AD3d 953, 953 [2015]; *see Matter of Gravlin v Ruppert*, 98 NY2d 1, 5 [2002]; *Kandus v Forlenza*, 132 AD3d 815, 815 [2015]; *Matter of Suchan v Eagar*, 121 AD3d 910 [2014]; *Nelson v Nelson*, 75 AD3d 593, 593-594 [2010]). Here, the allegations in the mother's petition, read in conjunction with the stipulation of settlement and judgment of divorce annexed thereto, were not sufficient to warrant a modification of the father's child support obligation, as the cessation of the father's maintenance obligation on October 1, 2014, was not an unanticipated circumstance. Consequently, the Family Court properly denied the mother's objections to so much of the Support Magistrate's order as directed the dismissal of her petition for an upward modification of the father's child support obligation (*see Matter of Singer v Prizer*, 96 AD3d 860, 861 [2012]; *cf. Matter of Milton v Tormey-Milton*, 133 AD3d 857, 858 [2015]; *Matter of Gadalinska v Ahmed*, 120 AD3d 1232, 1232-1234 [2014]). Further, where there are no issues of fact, a court may dismiss a petition without conducting a hearing or enforcing the right to compulsory disclosure under Family Court Act § 424-a (*see Matter of Lagani v Li*, 131 AD3d 1246, 1247-1248 [2015]).

In her objections and pro se brief on appeal, the mother raised new allegations in support of her claim that there had been a substantial and unanticipated change in circumstances warranting an upward modification of the father's child support obligation. We have not considered the merits of the mother's contentions in this regard, as these allegations were not set forth in the mother's instant petition for an upward modification of the father's child support obligation and, thus, are not properly before us on this appeal. These allegations may only be properly considered in a new petition.

Moreover, the Family Court also properly denied the mother's objections to so much of the Support Magistrate's order as denied that branch of her motion which was to disqualify the father's attorney. "Absent actual prejudice or a substantial risk thereof, the appearance of impropriety alone is not sufficient to require disqualification of an attorney" (*Matter of Lovitch v Lovitch*, 64 AD3d 710, 711 [2009]). "A party's entitlement to be represented in ongoing litigation by counsel of his or her own choosing is a valued right which should not be abridged absent a clear showing that disqualification is warranted, and the movant bears the burden on the motion" (*Campolongo v Campolongo*, 2 AD3d 476, 476 [2003] [citation omitted]; *see Matter of Aaron W. v Shannon W.*, 96 AD3d 960, 962 [2012]). Here,

given that the proceeding was capable of being resolved by a simple reading of the petition and stipulation, there was no actual prejudice or substantial risk thereof to the mother since none of the information purportedly obtained by the father's counsel through her representation of the mother's current husband was at issue. Mastro, J.P., Dickerson, Austin and Roman, JJ., concur.