■ JOHN FRATES, Respondent, v KELLY FRATES, Appellant. [36 NYS3d 505]—

Appeal by the defendant from an order of the Supreme Court, Putnam County (Victor G. Grossman, J.), dated April 21, 2014. The order, insofar as appealed from, granted the plaintiff's motion to modify the child support provisions of a judgment of divorce and to allocate educational expenses between the parties, granted that branch of the defendant's motion which was for an attorney's fee only to the extent of awarding her an attorney's fee in the sum of $1,500, and, in effect, denied that branch of the defendant's motion which was to "dismiss the Plaintiff's March 13, 2013 Order to Show Cause."

Ordered that the order is affirmed insofar as appealed from, without costs disbursements.

The parties were divorced by judgment dated February 23, 2011. Pursuant to the judgment of divorce, the parties had joint legal custody of their three children, and the defendant was awarded physical custody of the children. The plaintiff moved, by order to show cause, to modify the child support provisions of the judgment of divorce and to allocate educational expenses between the parties, asserting that the parties' oldest child now resided with him. The plaintiff requested that the defendant pay child support to the plaintiff for the oldest child, that his child support obligation for that child be terminated, and that his obligation as to the parties' two younger children be reduced. In addition, the plaintiff requested that the Supreme Court direct that both parties would be responsible for the oldest child's college expenses, and that the court determine their pro rata responsibility for those expenses. The defendant moved, inter alia, to "dismiss the Plaintiff's . . . Order to Show Cause" for failure to provide a statement of net worth, and for an attorney's fee pursuant to Domestic Relations Law § 237.

The Supreme Court, after a hearing, decided the motions in an order dated April 21, 2014. The court stated that it was satisfied that the oldest child resided with the plaintiff and decided that it was appropriate to modify child support and add-on educational expenses. Calculating each party's support obligation pursuant to the Child Support Standards Act, the court allocated educational expenses between the parties 75% to the plaintiff and 25% to the defendant. The court determined that the plaintiff was entitled to a credit for overpayments of child support, as well as a portion of his out-of-pocket expenses for the oldest child's college expenses, and that the defendant was entitled to a credit against her support obligation for the oldest child in the amount of her contributions to that child's room and board at college. The court granted that branch of the defendant's motion which was for an attorney's fee only to the extent of awarding her an attorney's fee in the sum of $1,500. The court also, in effect, denied that branch of the defendant's motion which was to "dismiss the Plaintiff's . . . Order to Show Cause." The defendant appeals, and we affirm the order insofar as appealed from.

The Supreme Court did not err in granting the plaintiff's motion for a modification of child support. The plaintiff established that there was a change in circumstances warranting a modification by showing that there had been a change in the oldest child's residence (*see Matter of Steven J.K. v Leah T.K.*, 46 AD3d 421 [2007]; *Tryon v Tryon*, 37 AD3d 455 [2007]; *McMillen v Miller*, 15 AD3d 814 [2005]).

"[A]bsent a voluntary agreement, whether a parent is obligated to contribute to a child's college education is dependent upon the exercise of the court's discretion in accordance with Domestic Relations Law § 240 (1-b) (c) (7) . . . and an award will be made only as justice requires" (*Dougherty v Dougherty*, 131 AD3d 916, 918 [2015] [internal quotation marks and citation omitted]; *see Matter of Lynn v Kroenung*, 97 AD3d 822, 823 [2012]). Under the circumstances of this case, the Supreme Court providently exercised its discretion in its apportionment of the college expenses incurred prior to the oldest child reaching 21 years of age.

The Supreme Court did not err in denying that branch of the defendant's motion which was to "dismiss the Plaintiff's . . . Order to Show Cause," given the plaintiff's clear entitlement to a downward modification of his support obligation, the parties' submission of other relevant financial data, and the court's consideration of the parties' relative financial circumstances at the hearing (*see Strykiewicz v Strykiewicz*, 135 AD3d 1030 [2016]; *Harold v Harold*, 133 AD3d 1376 [2015]; *cf. Frost v Goldberg*, 31 AD3d 374 [2006]; *Barnes v Barnes*, 234 AD2d 959 [1996]). Although the defendant recited that this branch of her motion was made pursuant to CPLR 3211 and 3126, there is no pending action to be dismissed pursuant to CPLR 3211 or 3126.

The award of a reasonable attorney's fee is a matter in the trial court's sound discretion, and the court may consider, inter alia, a party's tactics that unnecessarily prolonged the litigation (*see Prichep v Prichep*, 52 AD3d 61, 64 [2008]). While the plaintiff here is the monied spouse, the Supreme Court's award reflects consideration of the relevant factors, including that the defendant's conduct resulted in unnecessary litigation. Thus, the Supreme Court did not err in granting that branch of the defendant's motion which was for an attorney's fee only to the extent of awarding her an attorney's fee in the sum of $1,500.

The defendant's remaining contention is without merit. Leventhal, J.P., Miller, Duffy and Connolly, JJ., concur.