Appeal by the father from an order of the Family Court, Kings County (Judith Waksberg, J.), dated December 1, 2016. The order denied the father’s objections to an order of that court (John M. Fasone, S.M.), entered September 21, 2016, which, after a hearing, denied his separate petitions to terminate his child support obligation and for an award of child support, respectively.
 

 Ordered that the order dated December 1, 2016, is affirmed, without costs or disbursements.
 

 The father filed a petition to terminate his child support obligation and a separate petition for an award of child support. The father contended that the parties’ then-20-year-old daughter, who had resided with the mother in New Jersey since she was 5 years old, had begun residing with him full-time in Brooklyn after she enrolled in a college in Manhattan during the winter 2015 semester. After a fact-finding hearing, the Support Magistrate denied both petitions, finding that the father failed to establish that the daughter’s residence had changed.
 

 The father then filed objections to the Support Magistrate’s order, contending, inter alia, that the Support Magistrate improperly based his decision on whether the mother had continued to provide material support to the child. In an order dated December 1, 2016, the Family Court denied the father’s objections to the Support Magistrate’s order. The father appeals.
 

 “A party seeking a modification of a child support order bears the burden of establishing the existence of a substantial change in circumstances warranting the modification” (Jaffe v Friedman, 149 AD3d 923, 924 [2017]). A change in a child’s residence may constitute a change in circumstance warranting a modification of child support (see Frates v Frates, 142 AD3d 582, 583 [2016]).
 

 Here, evidence adduced at the fact-finding hearing established that, as of February 2016 and throughout 2016, the daughter continued to reside with the mother in New Jersey, even though the daughter stayed with the father on some evenings during the week. In addition, the documentary evidence submitted by the mother established that she paid for the daughter’s automobile lease, EZ-Pass bill, and cell phone bill until June or July of 2016. She also paid rent for an apartment the daughter had resided in prior to 2016. Moreover, the EZ-Pass records demonstrated that the daughter often crossed bridges from New York to New Jersey.
 

 The father’s remaining contention is without merit.
 

 Accordingly, the father failed to demonstrate a change in circumstances sufficient to warrant the termination of his child support obligation and an award of child support in his favor (see Matter of Handel v Handel, 48 AD3d 566, 567 [2008]; cf. Frates v Frates, 142 AD3d at 583; Matter of Steven J.K. v Leah T.K., 46 AD3d 421, 422 [2007]; McMillen v Miller, 15 AD3d 814, 816 [2005]).
 

 Chambers, J.P., Cohen, Barros and Christopher, JJ., concur.