Abizadeh v Abizadeh (2018 NY Slip Op 01894)





Abizadeh v Abizadeh


2018 NY Slip Op 01894


Decided on March 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
HECTOR D. LASALLE, JJ.


2016-13480
 (Index No. 203117/09)

[*1]Ramin Abizadeh, appellant, 
v
Galit Abizadeh, respondent.


Ramin Abizadeh, Roslyn Heights, NY, appellant pro se.
Law Offices of Seidner & Associates, P.C., Garden City, NY (Matthew S. Seidner of counsel), for respondent.



DECISION & ORDER
Appeal from an order of the Supreme Court, Nassau County (Hope Schwartz Zimmerman, J.), entered December 7, 2016. The order, insofar as appealed from, in effect, denied those branches of the plaintiff's motion which were to hold the defendant in contempt of court for her alleged failure to comply with an order of that court dated July 12, 2013, to impose sanctions against nonparties Nicolette Barbarino and the Law Office of Alexander Potruch, LLC, to hold a hearing to determine the cost of the children's college expenses and to apportion those expenses between the parties, to award the plaintiff a credit for the cost of the children's college expenses, and to reduce the plaintiff's child support obligation.
ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying that branch of the plaintiff's motion which was to hold a hearing to determine the amount of the children's college expenses and to apportion those expenses between the parties, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Nassau County, for a hearing on the issue of the children's college expenses and for an apportionment of expenses between the parties thereafter.
The background of this action is stated in Abizadeh v Abizadeh (_____ AD3d _____, [Appellate Division Docket No. 2015-11360; decided herewith]). Insofar as relevant to this appeal, in August 2016, the plaintiff moved to hold the defendant in contempt of court for her alleged failure to comply with an order of that court dated July 12, 2013, or to hold a hearing on the issue of contempt, to impose sanctions against nonparties Nicolette Barbarino and the Law Office of Alexander Potruch, LLC, to hold a hearing to determine the cost of the children's college expenses and to apportion those expenses between the parties, to award the plaintiff a credit for the children's college expenses, and to reduce the plaintiff's child support obligation. In the order appealed from, the Supreme Court, in effect, granted that branch of the plaintiff's motion which was to hold a hearing on the issue of contempt and denied those branches of the plaintiff's motion which were to hold the defendant in contempt of court, to impose sanctions against the nonparties, to hold a hearing to adjudicate the cost of the children's college expenses and to apportion those expenses between [*2]the parties, to award the plaintiff a credit for the children's college expenses, and to reduce the plaintiff's child support obligation. The plaintiff appeals from the denial of those branches of his motion.
Pursuant to Domestic Relations Law § 240(1-b)(c)(7), the court may direct a parent to contribute to a child's education, even in the absence of special circumstances or a voluntary agreement. The court may consider the circumstances of the case and the respective parties as well as the best interests of the child and the requirements of justice (see Frates v Frates, 142 AD3d 582, 584; Dougherty v Dougherty, 131 AD3d 916, 918; Powers v Wilson, 56 AD3d 642, 642-643). Here, the Supreme Court improvidently exercised its discretion in denying that branch of the plaintiff's motion which sought a hearing to determine the parties' responsibilities with respect to the children's college expenses. Accordingly, we remit the matter to the Supreme Court, Nassau County, for a hearing to determine the amount of those expenses and to apportion them between the parties (see Dougherty v Dougherty, 131 AD3d at 918; Powers v Wilson, 56 AD3d at 642-643).
"[A] noncustodial parent paying child support while contributing to the expenses of a child's college education is entitled to a credit for the amounts contributed to college expenses during periods when the child lives away from home" (Matter of Levy v Levy, 52 AD3d 717, 718). However, voluntary payments for the benefit of the children, not made pursuant to a court order, may not be credited against the amounts due pursuant to a judgment of divorce or an order (see LiGreci v LiGreci, 87 AD3d 722, 724). Contrary to the plaintiff's contention, his voluntary payments of the children's college expenses, which were not made pursuant to a court order, may not be credited against the amounts due pursuant to the judgment of divorce (see O'Brien v O'Brien, 115 AD3d 720, 724; LiGreci v LiGreci, 87 AD3d 722, 724; Matter of Hang Kwok v Xiao Yan Zhang, 35 AD3d 467, 468).
The Supreme Court properly denied that branch of the plaintiff's motion which sought to impose sanctions against nonparties Nicolette Barbarino and the Law Offices of Alexander Potruch, LLC, as the plaintiff failed to demonstrate that the nonparties engaged in sanctionable conduct (see 22 NYCRR 130-2.1, 130-1.1[a]; cf. Matter of Tanisea F., 44 AD3d 1043, 1044).
The Supreme Court properly denied that branch of the plaintiff's motion which sought to reduce his child support obligation. The plaintiff's submissions, which relied on overpayments he had already made and underpayments by the defendant, did not set forth a proper basis upon which to order a prospective reduction in the plaintiff's child support obligation (see Mairs v Mairs, 61 AD3d 1204, 1210; Matter of Taddonio v Wasserman-Taddonio, 51 AD3d 935, 936; cf. Sprole v Sprole, 145 AD3d 1367, 1370-1371).
Finally, we find no basis to disturb the Supreme Court's determination of that branch of the plaintiff's motion which sought to hold the defendant in contempt of court for her alleged failure to comply with the order dated July 12, 2013.
BALKIN, J.P., AUSTIN, SGROI and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court