Matter of Moradi v Noorani (2018 NY Slip Op 05044)





Matter of Moradi v Noorani


2018 NY Slip Op 05044


Decided on July 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-08256
 (Docket No. F-14432-16)

[*1]In the Matter of Behdad David Moradi, respondent,
v
Nadia Noorani, appellant.


Nadia Noorani, New York, NY, appellant pro se.
Behdad David Moradi, Irvington, NY, respondent pro se.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Westchester County (Nilda Morales Horowitz, J.), entered July 10, 2017. The order denied the mother's objections to an order of the same court (Rosa Cabanillas-Thompson, S.M.), dated April 28, 2017, which, after a hearing, granted the father's petition for a downward modification of his child support obligation.
ORDERED that the order entered July 10, 2017, is affirmed, without costs or disbursements.
The mother and father were divorced in 2004. Pursuant to the judgment of divorce, the mother was awarded custody of the parties' two children and the father was obligated to pay child support. In 2016, one of the children began living with the father. Thereafter, the father filed a petition seeking to reduce his child support obligation. On April 28, 2017, following a hearing, a Support Magistrate issued an order granting the petition and reducing the father's child support obligation. The mother filed objections to the Support Magistrate's order. In an order entered July 10, 2017, the Family Court denied the mother's objections. The mother appeals, and we affirm.
A party seeking a downward modification of a child support obligation must demonstrate a "substantial change in circumstances" (Family Ct Act § 451[3][a]; see Matter of Foster-Fisher v Foster-Fisher, 160 AD3d 951). Here, it was undisputed that one of the parties' two children had changed residences to live with the father instead of the mother. The record supports the Support Magistrate's finding that the father had demonstrated a change in circumstances warranting a reduction of his existing child support obligation (see Frates v Frates, 142 AD3d 582, 583; Tryon v Tryon, 37 AD3d 455, 457).
Accordingly, we agree with the Family Court's denial of the mother's objections.
RIVERA, J.P., MILLER, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court