██ In the Matter of JODY JOSLIN, Respondent, v ROBERT L. SULLIVAN, Appellant. [785 NYS2d 220]—

Appeal from an order of the Family Court, Allegany County (Thomas P. Brown, J.), entered May 13, 2003 in a proceeding pursuant to Family Ct Act article 4. The order denied respondent's objections to a Hearing Examiner's order, determining respondent's child support obligation.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding seeking modification of respondent's obligation to pay child support for the parties' eldest child. Under the terms of their matrimonial settlement agreement, incorporated but not merged into the judgment of divorce, the parties agreed to joint custody of their two children, with physical custody shared equally. The parties further agreed that, based upon that shared custodial arrangement, neither would be obligated to pay child support to the other. That custodial arrangement terminated, however, when the parties' eldest child refused to visit or reside with respondent.

Family Court properly determined that the alteration of the custodial arrangement "constituted an unanticipated change in circumstances that created the need for modification of the child support obligations" under the matrimonial settlement agreement (*Matter of Gravlin v Ruppert*, 98 NY2d 1, 6 [2002]; *see Matter of Alice C. v Bernard G.C.*, 193 AD2d 97, 110 [1993]). Contrary to respondent's contention, the evidence fails to establish that the child's conduct constitutes constructive abandonment and relieves respondent of his support obligation (*see Radin v Radin*, 209 AD2d 396 [1994]; *Alice C.*, 193 AD2d at 108-110; *cf. Matter of Rubino v Morgan*, 224 AD2d 903, 904 [1996]). Finally, the court properly calculated respondent's support obligation in accordance with the Child Support Standards Act (Family Ct Act § 413; *see Gravlin*, 98 NY2d at 7). Present—Pigott, Jr., P.J., Green, Pine, Hurlbutt and Scudder, JJ.