# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**951**

**CAF 13-00206**

PRESENT: SMITH, J.P., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

IN THE MATTER OF LISA A. GALLAGHER,
PETITIONER-APPELLANT,

V                                          MEMORANDUM AND ORDER

MICHAEL T. GALLAGHER, RESPONDENT-RESPONDENT.

---

WELCH & ZINK, CORNING (JEFF N. EVANS OF COUNSEL), FOR
PETITIONER-APPELLANT.

BETZJITOMIR & BAXTER, LLP, BATH (SUSAN BETZJITOMIR OF COUNSEL), FOR
RESPONDENT-RESPONDENT.

CAROLYN KELLOGG JONAS, ATTORNEY FOR THE CHILDREN, WELLSVILLE.

---

Appeal from an order of the Family Court, Steuben County (Joseph W. Latham, J.), entered April 26, 2012 in a proceeding pursuant to Family Court Act article 4. The order, insofar as appealed from, denied the amended petition.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the amended petition is reinstated, and the matter is remitted to Family Court, Steuben County, for further proceedings in accordance with the following Memorandum: Petitioner mother commenced this proceeding seeking an upward modification of respondent father's child support obligation as set forth in the parties' separation agreement. We agree with the mother that Family Court erred in concluding, following a hearing, that she failed to establish a sufficient change in circumstances to warrant modification of the father's child support obligation.

The parties' separation agreement, which was incorporated but not merged into the judgment of divorce, provided, inter alia, that the parties were opting out of the requirements of the Child Support Standards Act based on several factors, including that the children would spend a significant portion of time with the father pursuant to the visitation schedule set forth in the separation agreement. In her petition, the mother alleged that there had been a breakdown in the father's relationship with the children such that there was only sporadic visitation with them, leading to a concomitant increase in her child-rearing expenses. The evidence presented at the hearing establishes that such a breakdown occurred.

We agree with the mother that "the complete breakdown in the

visitation arrangement, which effectively extinguished [the father's] support obligation, constituted an unanticipated change in circumstances that created the need for modification of the child support obligations" (*Matter of Gravlin v Ruppert*, 98 NY2d 1, 6; *see Matter of McCormick v McCormick*, 97 AD3d 682, 683; *Matter of Joslin v Sullivan*, 12 AD3d 1070, 1070). We therefore reverse the order insofar as appealed from, reinstate the amended petition, and remit the matter to Family Court for a determination of the appropriate amount of support to be paid by the father, after a further hearing if necessary.

Entered:  September 27, 2013                        Frances E. Cafarell
                                                    Clerk of the Court