# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1277**
**CAF 16-00134**
PRESENT: WHALEN, P.J., SMITH, CARNI, DEJOSEPH, AND CURRAN, JJ.

---

IN THE MATTER OF KEVIN P. BRINK,
PETITIONER-APPELLANT,

V                                              MEMORANDUM AND ORDER

KIMBERLY M. BRINK, RESPONDENT-RESPONDENT.

---

GERALD J. VELLA, SPRINGVILLE, FOR PETITIONER-APPELLANT.

BENNETT, DIFILIPPO & KURTZHALTS, LLP, EAST AURORA (MAURA C. SEIBOLD OF COUNSEL), FOR RESPONDENT-RESPONDENT.

---

Appeal from an order of the Family Court, Cattaraugus County (Michael L. Nenno, J.), entered April 14, 2015 in a proceeding pursuant to Family Court Act article 4. The order denied the objections of petitioner to an order of a Support Magistrate denying his petition.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the petition is reinstated, and the matter is remitted to Family Court, Cattaraugus County, for further proceedings in accordance with the following memorandum: Petitioner father commenced this proceeding seeking a downward modification of his child support obligation. We agree with the father that Family Court erred in concluding, following a hearing, that he failed to establish a sufficient change in circumstances to warrant such a modification.

The father and respondent mother are the parents of two minor children, born in 2001 and 2004, respectively. The parties were divorced in 2006, and the judgment incorporated a voluntary agreement concerning, inter alia, child custody, visitation, and support. With respect to child custody and visitation, the parties agreed to joint custody and to "reasonable" but unspecified amounts of visitation "consistent with the current arrangement." With respect to child support, the parties explicitly agreed to opt out of the requirements of the Child Support Standards Act in favor of a provision requiring the father to pay the mother $185 per week. In 2008, the parties informally agreed to increase the father's child support obligation from $185 weekly to $407.36 biweekly. In 2010, the parties informally agreed to increase the father's visitation by one additional day per week. The visitation arrangement has remained essentially unchanged since that time.

In 2012, the father filed a petition to reduce his child support obligation, arguing that the increased visitation since 2010 and a reduction in his income warranted a downward modification; the mother also filed a petition seeking to enforce and incorporate the 2008 informal agreement into the 2006 divorce judgment.  The court (William Gabler, S.M.) denied the father's petition and granted the mother's petition in 2013.  Despite noting that the father "offer[ed] proof that his income for 2013 will be less than his earnings in . . . 2012," the court explicitly declined to consider income data from calendar year 2013 in adjudicating the father's petition.

The father subsequently filed the instant modification petition in 2014, arguing that a downward modification was warranted given the increased visitation level since 2010 and the fact that, owing to a job loss, the father made significantly less money in 2013 than he did in 2012.  The court (Schavon R. Morgan, S.M.) denied the petition following an evidentiary hearing.  In its written decision, the court held that the father failed to demonstrate any change in circumstances since the 2013 order.  In particular, the court held that the father's income reduction from 2012 to 2013 did not constitute the requisite change in circumstances "because this [income reduction] took place before the hearing whereby the current [2013] order of support was determined."  Family Court (Michael L. Nenno, J.) thereafter overruled the father's objections to the Support Magistrate's determination and confirmed the order denying the petition.  That was error.

"A parent seeking to modify a child support order arising out of an agreement or stipulation must demonstrate that the agreement was unfair when entered into or that there has been a substantial, unanticipated and unreasonable change in circumstances warranting a downward modification" (*Matter of Hoyle v Hoyle*, 121 AD3d 1194, 1195; *see Merl v Merl*, 67 NY2d 359, 362; *Matter of Cooper v Cooper*, 74 AD3d 1868, 1868).  Inasmuch as the father is seeking to modify the 2013 order, the relevant period for evaluating a change of circumstances is the period between the issuance of the 2013 order and the filing of the instant petition in 2014 (*see Klapper v Klapper*, 204 AD2d 518, 519; *see also Leroy v Leroy*, 298 AD2d 923, 923-924; *Matter of Dukes v White*, 295 AD2d 899, 899; *see generally Matter of Loveless v Goldbloom*, 141 AD3d 662, 663).

The father identifies two circumstances that, in his view, have changed sufficiently to warrant a recalculation of his child support obligation.  First, he claims that "the parties now have the children an equal amount of time."  As he admitted at the hearing, however, that change in the visitation schedule occurred years before the 2013 order and thus cannot serve as the basis for any recalculation of his child support obligation (*see Matter of Hrostowski v Micha*, 132 AD3d 1103, 1104-1105; *Matter of DiCiacco v DiCiacco*, 89 AD3d 937, 938; *Matter of Grayson v Fenton*, 13 AD3d 914, 915).

Second, the father cites his significantly reduced income from 2012 to 2013 as the requisite change in circumstances.  We agree with the father that such income reduction—approximately 18%—constitutes a sufficient change in circumstances to warrant a recalculation of his

child support obligation (*cf.* Family Ct Act § 451 [3] [b] [ii]; *see generally Matter of Zibell v Zibell*, 112 AD3d 1101, 1102).  Contrary to the Support Magistrate's determination, the father's income changes in 2013 were not before the court in connection with the prior modification petition inasmuch as the Support Magistrate in that proceeding explicitly declined to consider any income data from calendar year 2013, instead limiting his analysis to the parties' income data from 2012 and years prior.  We therefore reverse the order, reinstate the petition, and remit the matter to Family Court for a determination of the appropriate amount of child support to be paid by the father, after a further hearing, if necessary (*see Matter of Gallagher v Gallagher*, 109 AD3d 1176, 1177).

Entered:  February 3, 2017                          Frances E. Cafarell
                                                    Clerk of the Court