# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**253**
**CAF 16-00919**
PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

IN THE MATTER OF DIANA HARRISON,
PETITIONER-APPELLANT,

V                                    MEMORANDUM AND ORDER

STEVEN HARRISON, RESPONDENT-RESPONDENT.

---

BENNETT SCHECHTER ARCURI & WILL, LLP, BUFFALO (KRISTIN L. ARCURI OF
COUNSEL), FOR PETITIONER-APPELLANT.

KADISH & FIORDALISO, BUFFALO (KEITH I. KADISH OF COUNSEL), FOR
RESPONDENT-RESPONDENT.

---

Appeal from an order of the Family Court, Erie County (Deanne M.
Tripi, J.), entered August 18, 2015 in a proceeding pursuant to Family
Court Act article 4.  The order denied petitioner's objection to an
order of the Support Magistrate, which dismissed the petition with
prejudice.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the objection is
granted, the petition is reinstated and the matter is remitted to
Family Court, Erie County, for further proceedings in accordance with
the following memorandum:  In this child support modification
proceeding pursuant to Family Court Act article 4, petitioner mother
appeals from an order denying her objection to an order that dismissed
her petition with prejudice.  The mother sought modification of her
child support obligation as set forth in a 2013 oral stipulation,
which was incorporated but not merged in the judgment of divorce, on
the ground that respondent father's income had increased by more than
15%.  The Support Magistrate dismissed the petition on the ground that
the mother failed to establish a substantial change in circumstances
since the entry of the stipulation.  Family Court denied the mother's
objection, stating that, although "a petition for modification of
child support may be brought based on an increase in a party's income
of 15% or more, there [must be] a showing of a **substantial** change of
circumstances in order to be successful."  We agree with the mother
that the court applied an incorrect standard in denying her objection,
and we therefore reverse the order, grant the objection, reinstate the
petition and remit the matter to Family Court for further proceedings,
including a new hearing if necessary.

Prior to 2010, in order to support a request for an upward
modification of an existing child support obligation, a parent was

required to establish that there had been a substantial change in circumstances (*see Matter of Boden v Boden*, 42 NY2d 210, 213), and that, after consideration of all of the relevant factors, "the children's best interests require an upward modification of the child support award" (*Matter of Brescia v Fitts*, 56 NY2d 132, 141).  In October 2010, however, the Legislature amended the Family Court Act to provide other bases upon which to seek a modification of a preexisting child support obligation.  Therefore, a court may now modify an order of child support, "including an order incorporating without merging an agreement or stipulation of the parties" (§ 451 [3] [a]), where, inter alia, "there has been a change in either party's gross income by fifteen percent or more since the order was entered, last modified, or adjusted" (§ 451 [3] [b] [ii]).  Thus, "[s]ection 451 of the Family Court Act 'allows a court to modify an order of child support, without requiring a party to allege or demonstrate a substantial change in circumstances' " (*Matter of Thomas v Fosmire*, 138 AD3d 1007, 1007; *see generally Matter of Muok v Muok*, 138 AD3d 1458, 1459).  The stipulation at issue here was executed in 2013 (*cf. Matter of Zibell v Zibell*, 112 AD3d 1101, 1102), and thus the amendments to the statute apply to the mother's petition (*see* L 2010, ch 182, § 13).

In this case, because the court and the Support Magistrate failed to address Family Court Act § 451 (3) (b) (ii), the petition was denied upon application of the incorrect standard.  Consequently, in making the determination on the petition, the Support Magistrate failed to make several necessary findings of fact, including the amount of the father's income at the time of the stipulation in 2013, whether that income included monies the father earned from playing music, and whether the mother established that the father's income had increased by the requisite 15% at the time of the filing of the petition.  Thus, upon remittal, the court should determine, inter alia, whether the father's income has increased by 15% between the time of the stipulation and the filing of the petition and, if so, whether the mother is entitled to an increase in child support.

Entered:  March 24, 2017                     Frances E. Cafarell
                                             Clerk of the Court