■ MICHELLE MARIE PROVENZANO, Respondent, v JOE MARK PROVENZANO, Appellant. [56 NYS3d 758]—

Appeal from an order of the Supreme Court, Monroe County (Philip B. Dattilo, Jr., J.H.O.), entered February 19, 2016. The order, inter alia, increased the child support obligation of defendant.

It is hereby ordered that the order so appealed from is unanimously modified on the law by vacating the second through fifth, seventh, and ninth ordering paragraphs and, with respect to paragraphs IA and IC of the visitation schedule, ordering that defendant shall have alternating weekend visitation with the children, year-round, with pick-up at 7:30 p.m. on Friday and drop-off at 7:30 p.m. on Sunday, and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Plaintiff mother and defendant father are the parents of three minor children. The parties divorced in 2013, and the divorce judgment incorporated a voluntary agreement concerning, inter alia, child custody, visitation, and support. With respect to child custody and visitation, the parties agreed to joint custody and to a visitation schedule pursuant to which the father had the children from 7:30 a.m. on Tuesdays until 7:30 a.m. on Thursdays, as well as overnight visitation on Mondays and Fridays if the father was able to pick the children up before 7:00 p.m. on those evenings. With respect to child support, the parties agreed to opt out of the requirements of the Child Support Standards Act (CSSA) in favor of a provision requiring the father to pay the mother $900 per month. In addition, the father and the mother agreed to split all of the children's other

expenses equally. The parties' agreement also contained an attorney's fees provision, which stated that, if either party had to seek judicial intervention to enforce the agreement, the party who had failed to pay a monetary amount owing under the agreement would be responsible for the other party's attorney's fees, costs, and disbursements in securing reimbursement for such amount owing.

In November 2014, by order to show cause and supporting affidavits, the mother sought sole custody of the children, an increase in the father's child support obligation to comport with the CSSA, and a money judgment for certain expenses that the father had not paid. The mother also sought attorney's fees pursuant to the provision in the parties' agreement. Following a hearing by a judicial hearing officer, Supreme Court denied the mother's request for sole custody but modified the visitation schedule, awarded the mother $1,914.57 for unpaid expenses, and increased the father's child support obligation to comport with the CSSA. The court also awarded the mother $11,336.94 for attorney's fees, costs, and disbursements.

We conclude, first, that the court erred in increasing the father's child support obligation, and we therefore modify the order accordingly. A court "may modify an order of child support, including an order incorporating without merging an agreement or stipulation of the parties, upon a showing of a substantial change in circumstances" (Domestic Relations Law § 236 [B] [9] [b] [2] [i]; see Matter of Brink v Brink, 147 AD3d 1443, 1444 [2017]). Here, the mother failed to demonstrate a substantial change in circumstances warranting an upward modification of child support (see Mancuso v Mancuso, 134 AD3d 1421, 1421-1422 [2015]). In her affidavit supporting her request for increased child support and during her hearing testimony, the mother stated only that the father failed to pay his share of the expenses for the children's extracurricular activities. She admitted during her hearing testimony, however, that the children's basic needs are being met. Inasmuch as the mother's remedy for the father's failure to pay his share of the expenses is to seek enforcement of the agreement, the court erred in increasing the father's child support obligation as a substitute for that relief (see generally Matter of Covington v Boyle, 127 AD3d 1393, 1394 [2015]).

The court's determination that a modification of the visitation schedule is in the children's best interests is supported by a sound and substantial basis in the record (see generally Sitts v Sitts, 74 AD3d 1722, 1723 [2010]). The father's constantly

changing work schedule results in his inability to see the children for visitation on certain days and has created animosity between the parties. Thus, the court's new schedule providing for visitation with the father on alternating weekends, instead of Mondays and Fridays, is in the children's best interests (*see Matter of Murphy v Wells*, 103 AD3d 1092, 1093 [2013], *lv denied* 21 NY3d 854 [2013]; *Matter of Vasquez v Barfield*, 81 AD3d 1398, 1399 [2011]). We agree with the father, however, that the court's order is ambiguous regarding the timing of his weekend visitation. We therefore further modify the order to clarify that the father will pick up the children at 7:30 p.m. on Fridays, and drop them off at 7:30 p.m. on Sundays, on alternating weekends, year-round.

Lastly, we agree with the father that the court abused its discretion in awarding the mother $11,336.94 in attorney's fees, costs, and disbursements, and we therefore further modify the order accordingly. The father was not provided a meaningful opportunity to object to, or request a hearing on, the mother's attorney's affirmation requesting fees. Further, inasmuch as the majority of the hearing was spent on the mother's request for sole custody, which the court denied, we conclude that the sum awarded was excessive. That is especially true in light of the fact that the mother sought the attorney's fees under the provision of the parties' agreement providing for reimbursement of expenses sought under that agreement. We therefore remit the matter to Supreme Court for a determination of reasonable attorney's fees, costs, and disbursements, in accordance with the parties' agreement, after the father has been afforded an opportunity to oppose the application. Present—Centra, J.P., Peradotto, Lindley, Curran and Scudder, JJ.