Matter of Gratton v Gratton (2018 NY Slip Op 04144)





Matter of Gratton v Gratton


2018 NY Slip Op 04144


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


508 CAF 17-02050

[*1]IN THE MATTER OF JASON M. GRATTON, PETITIONER-APPELLANT,
v
KATHERINE C. GRATTON, RESPONDENT-RESPONDENT. 






MULDOON, GETZ & RESTON, ROCHESTER (GARY MULDOON OF COUNSEL), FOR PETITIONER-APPELLANT. 
UNDERBERG & KESSLER LLP, ROCHESTER (LEAH T. CINTINEO OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from an order of the Family Court, Wayne County (Richard M. Healy, J.), dated March 24, 2017 in a proceeding pursuant to Family Court Act article 4. The order affirmed the determination of the Support Magistrate. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this child support modification proceeding pursuant to Family Court Act article 4, petitioner father appeals from an order denying his objection to an order of the Support Magistrate that dismissed his petition with prejudice. The father sought a downward modification of his child support obligation as set forth in the parties' April 2016 settlement agreement that was incorporated but not merged into the August 2016 judgment of divorce. The Support Magistrate dismissed the father's petition on the ground that he failed to establish a substantial change in circumstances since the entry of the judgment on August 30, 2016. In addition, although the Support Magistrate implicitly found that the father's income had decreased by more than 15%, the Support Magistrate determined that the father's reduction in income was due to a self-created hardship and thus was not "involuntary" (Family Ct Act § 451 [3] [b] [ii]). We conclude that Family Court properly denied the father's objection to the Support Magistrate's order.
We reject the father's contention that the Support Magistrate and the court both failed to apply Family Court Act § 451 (3) (b) (ii), and we conclude that he was not entitled to relief under that statute. "[S]ection 451 of the Family Court Act allows a court to modify an order of child support, without requiring a party to allege or demonstrate a substantial change in circumstances" (Matter of Harrison v Harrison, 148 AD3d 1630, 1632 [4th Dept 2017] [internal quotation marks omitted]), where, inter alia, "there has been a change in either party's gross income by fifteen percent or more since the order was entered, last modified, or adjusted" (§ 451 [3] [b] [ii]). Although the father's income decreased by more than 15% after he was laid off from his job as a nuclear power plant contractor in May 2016, we nevertheless conclude that he failed to establish his entitlement to relief under the statute because the change did not occur since the time that the judgment was entered in August 2016. In any event, the father also failed to establish that his reduced income was involuntary. The record demonstrates that the father had no intention of returning to his occupation and made minimal efforts "to secure employment commensurate with his . . . education, ability, and experience" as required under Family Court Act § 451 (3) (b) (ii). Instead, the father intended to work on the family farm, despite the fact that it was not profitable for him to do so.
Similarly, to support a request for a downward modification under the nonstatutory change in circumstances standard, which must be " substantial, unanticipated and unreasonable,' [*2]" the change in circumstances must have occurred in "the period between the issuance of the [relevant] order and the filing of the [modification] petition" (Matter of Brink v Brink, 147 AD3d 1443, 1444 [4th Dept 2017]; see Matter of Boden v Boden, 42 NY2d 210, 213 [1977]). Here, the change in circumstances, i.e., the father's layoff, occurred in May 2016 but, as noted, the judgment of divorce was not entered until August 2016. Thus, the change that formed the basis for the father's request for a downward modification occurred prior to the entry of the relevant order. We further note in any event that the nature of the father's contract work was intermittent, and the change was not unanticipated inasmuch as he testified that he worked during outages, which occurred every spring or fall depending on the refueling cycle of the nuclear plant. We therefore conclude that the father also failed to establish his entitlement to a downward modification of child support under the nonstatutory change in circumstances standard (see Matter of Gray v Gray, 52 AD3d 1287, 1288 [4th Dept 2008], lv denied 11 NY3d 706 [2008]).
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court