Matter of Brink v Brink (2019 NY Slip Op 09128)





Matter of Brink v Brink


2019 NY Slip Op 09128


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


983 CAF 19-00290

[*1]IN THE MATTER OF KEVIN P. BRINK, PETITIONER-RESPONDENT,
v
KIMBERLY M. BRINK, RESPONDENT-APPELLANT. 






BENNETT, DIFILIPPO & KURTZHALTS, LLP, EAST AURORA (DAVID S. WHITTEMORE OF COUNSEL), FOR RESPONDENT-APPELLANT.
GERALD J. VELLA, SPRINGVILLE, FOR PETITIONER-RESPONDENT. 


 Appeal from an order of the Family Court, Cattaraugus County (Moses M. Howden, J.), entered June 6, 2018 in a proceeding pursuant to Family Court Act article 4. The order denied respondent's objections to the amended order of the Support Magistrate. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 4, respondent mother appeals from an order that, inter alia, confirmed the amended order of the Support Magistrate (Farwell, S.M.), which granted petitioner father's petition seeking to terminate his child support obligation and require the mother to pay him child support. We affirm.
As we explained on the prior appeal, the parties are the parents of two minor children, born in 2001 and 2004, respectively (Matter of Brink v Brink, 147 AD3d 1443, 1443 [4th Dept 2017]). The parties were divorced in 2006, and the judgment incorporated a voluntary agreement concerning, inter alia, child custody, visitation, and support (id.).
The subject of the prior appeal was the father's 2014 petition seeking a downward modification of his child support obligation based on an increase in his visitation since 2010, i.e., he shared an equal amount of time with the children, and a significant decrease in his earnings since 2012 as the result of a job loss (id. at 1444). The Support Magistrate (Morgan, S.M.) denied the petition following an evidentiary hearing (id.). In a written decision, the Support Magistrate held that the father failed to demonstrate any change in circumstances since the relevant 2013 support order. In particular, the Support Magistrate held that "the father's income reduction from 2012 to 2013 did not constitute the requisite change in circumstances because this [income reduction] took place before the hearing whereby the current [2013] order of support was determined' " (id.). Family Court (Nenno, J.) thereafter confirmed the order denying the petition (id.). We reversed. We rejected the father's contention that a sufficient change in circumstances existed to warrant a recalculation of his child support obligation based on the parties' equal access time with the children because the "change in the visitation schedule occurred years before the 2013 [support] order and thus [could not] serve as the basis for any recalculation of his child support obligation" (id. at 1445). We concluded, however, that the father's reduced income from 2012 to 2013 constituted such a change in circumstances (id.). We therefore reinstated the petition and remitted the matter to Family Court for a determination of the appropriate amount of child support to be paid by the father, after a further hearing, if necessary.
Upon remittal, the father's 2014 petition was combined with a 2016 modification petition that he filed while the prior appeal was pending. The 2016 petition again alleged that the parties [*2]share an equal amount of time with the children and that the father's income during 2015 and 2016 had been decreasing while the mother's income had been increasing. As noted, the father therefore sought to modify the existing support order by terminating his child support obligation and requiring the mother to pay child support to him. The appeal herein stems solely from the court's resolution of the 2016 petition. After a hearing on that petition, the Support Magistrate (Farwell, S.M.) determined that the father "demonstrated a change of his employment and income which occurred between 2015 and 2016" and, "[a]s a result of [the father's] lower annual income and [the mother's] increased earnings which exceed [the father's], coupled with their equal sharing of the children[,] the designation of the custodial and noncustodial parent for child support purposes [needed to] be changed." Consequently, in an amended order, the Support Magistrate designated the mother as the noncustodial parent, and directed the mother to pay the father child support. The amended order was confirmed by Family Court (Howden, J.), and the mother appeals.
We reject the mother's contention that the doctrine of law of the case requires that she be designated the custodial parent for child support purposes (see generally Matter of Bartz v Village of LeRoy, 159 AD3d 1338, 1340 [4th Dept 2018]). As stated above, our prior decision established that the father's reduced income constituted a sufficient change in circumstances to warrant a recalculation of his child support obligation (Brink, 147 AD3d at 1445). Based on that determination together with the allegations in the 2016 petition regarding the father's decreased income and the mother's increased income in 2015 and 2016, the Support Magistrate was entitled to modify the father's support obligation, including by terminating his obligation altogether and requiring the mother to pay child support (see generally id. at 1444).
Contrary to the mother's further contention, the Support Magistrate did not err in considering the equal placement of the children. Although a court can generally determine the custodial parent for purposes of child support "by identifying which parent has physical custody of the child[ ] for a majority of the time[,] . . . where the parents share physical custody with approximately an even distribution of parenting time, the parent with the higher income is deemed the noncustodial parent for purposes of the [Child Support Standards Act]" (Matter of Rapp v Horbett, 174 AD3d 1315, 1316 [4th Dept 2019] [internal quotation marks omitted]). The Support Magistrate did not err in considering the children's equal placement with the parties because the change in circumstances justifying her recalculation of the parties' child support obligation was the change in each party's income, not the father's equal access.
We have reviewed the mother's remaining contention and conclude that it does not warrant reversal or modification of the order.
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court