Adirondack Bank, N.A. v CBB Realty, LLC (2023 NY Slip Op 06666)

Adirondack Bank, N.A. v CBB Realty, LLC

2023 NY Slip Op 06666

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, NOWAK, AND DELCONTE, JJ.

946 CA 23-00997

[*1]ADIRONDACK BANK, N.A., PLAINTIFF-RESPONDENT,
v
CBB REALTY, LLC, ET AL., DEFENDANTS, CRAIG S. BRODOCK, DEFENDANT-RESPONDENT, AND BARBARA M. BRODOCK, ALSO KNOWN AS BARBARA T. BRODOCK, DEFENDANT-APPELLANT. 

YANG-PATYI LAW FIRM, PLLC, SYRACUSE (JOSEPHINE YANG-PATYI OF COUNSEL), FOR DEFENDANT-APPELLANT.
HANCOCK ESTABROOK, LLP, SYRACUSE (JANET D. CALLAHAN OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Oneida County (Charles C. Merrell, J.), entered December 7, 2022. The order denied the motion of defendant Barbara M. Brodock, also known as Barbara T. Brodock, to compel the payment of an insurance premium and to terminate a receivership. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this mortgage foreclosure action, Barbara M. Brodock, also known as Barbara T. Brodock (defendant), appeals from an order that denied her motion to compel the court-appointed receiver to pay an insurance premium on unencumbered property in Florida and to terminate the receivership. Defendant's contention that language in Supreme Court's decision concerning the receiver's past performance should be struck is not properly before us inasmuch as "the fact that [a decision] 'may contain language or reasoning which [parties] deem adverse to their interests does not furnish them with a basis
. . . to take an appeal' " (Matter of Olney v Town of Barrington, 162 AD3d 1610, 1611 [4th Dept 2018]; see Matter of Khatib v Liverpool Cent. School Dist., 244 AD2d 957, 957 [4th Dept 1997]). Similarly, defendant's contention that any of the court's "decision[s] and orders [that] contradict the terms of the [m]arital [s]ettlement [a]greement [between defendant and her former husband] and one another, [should] be vacated or modified so that they are consistent" is raised for the first time on appeal and is therefore not properly before us (see Dunn v Covanta Niagara I, LLC [appeal No. 1], 181 AD3d 1340, 1340 [4th Dept 2020]; Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]). We have reviewed defendant's remaining contentions and conclude that none requires modification or reversal of the order appealed from.
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court