Matter of Donohue v Katerle (2024 NY Slip Op 03636)

Matter of Donohue v Katerle

2024 NY Slip Op 03636

Decided on July 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, NOWAK, AND DELCONTE, JJ.

409 CAF 23-01761

[*1]IN THE MATTER OF JOSEPH W. DONOHUE, PETITIONER-APPELLANT,
v
CHRISTIE M. KATERLE, RESPONDENT-RESPONDENT.

KAMAN BERLOVE LLP, ROCHESTER (GARY MULDOON OF COUNSEL), FOR PETITIONER-APPELLANT. 
LAW OFFICE OF EMANUEL MOUGANIS, BROCKPORT (EMANUEL MOUGANIS OF COUNSEL), FOR RESPONDENT-RESPONDENT.

Appeal from an order of the Family Court, Monroe County (Alecia J. Mazzo, J.), entered April 3, 2023, in a proceeding pursuant to Family Court Act article 4. The order denied petitioner's objection to an order of the Support Magistrate. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner father appeals from an order denying his objection to the order of the Support Magistrate. The support order dismissed without prejudice, following a hearing, the father's petition for further modification of the child support opting-out provisions contained in the parties' settlement agreement, which was incorporated but not merged into the parties' judgment of divorce and previously modified by Supreme Court in 2020. We affirm.
Preliminarily, the father's contention that the opting-out provision contained in the parties' settlement agreement that waived certain grounds upon which they can make an application to modify the child support obligations under Domestic Relations Law § 236 (B) (9) (2) (ii) is void or unenforceable because the agreement does not contain the opt-out recitals mandated by the Child Support Standards Act is raised for the first time on appeal and, thus, is not properly before us (see Adirondack Bank, N.A. v CBB Realty, LLC, 222 AD3d 1422, 1422 [4th Dept 2023]; see generally Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]). In any event, such a contention—in which a party seeks to void a term of a settlement agreement, as opposed to merely modifying the child support obligations in accordance with the terms of that agreement—would not have been properly before Family Court inasmuch as "Family Court is a court of limited jurisdiction and is without the power to set aside . . . the terms of a settlement agreement" (Matter of Huddleston v Huddleston, 14 AD3d 511, 512 [2d Dept 2005]; see generally Matter of Brescia v Fitts, 56 NY2d 132, 139 [1982]).
Further, although case law and the terms of the parties' settlement agreement permit Family Court to modify an order of child support, including an order incorporating without merging an agreement or stipulation of the parties, " 'upon a showing of a substantial change in circumstances' " (Provenzano v Provenzano, 151 AD3d 1800, 1801 [4th Dept 2017]), the father "failed to demonstrate the requisite 'unanticipated and unreasonable change in circumstances warranting an adjustment of support or that the current level of support is inadequate to meet the children's basic needs' " (Matter of Markowski v Hetzler, 57 AD3d 1510, 1510-1511 [4th Dept 2008]). Specifically, there was no change in the custody of the subject children since the last modification order was issued, and the "increase in the income of [the mother] and the cost of providing for maturing children is not an unanticipated and unreasonable circumstance" (Matter of Culton v Culton, 277 AD2d 935, 936 [4th Dept 2000]; see Matter of Graves v Ramsey, 19 [*2]AD3d 1147, 1148 [4th Dept 2005]).
We have considered the father's remaining contentions and conclude that they are without merit.
Entered: July 3, 2024
Ann Dillon Flynn
Clerk of the Court